**STATE of Tennessee, Appellee,**

v.

**David BROWN, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 29, 1992.

Order on Denial of Rehearing March 4, 1992.

Permission to Appeal Denied by Supreme Court May 26, 1992.

Patrick F. Martin, Rayna Hardee Bomar, Hardee & Martin, P.A., Jackson, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, C. Mark Fowler, Asst. Atty. Gen., Nashville, James T. Cannon, Asst. Dist. Atty. Gen., Union City, for appellee.

## OPINION

DWYER, Judge.

David Brown appeals from the Weakley County Criminal Court's decision sentencing him to four years in prison. Despite the fact that he pled guilty to the offense of conspiracy to sell a Schedule I controlled substance, he is aggrieved that he now has to go to jail, instead of being released on probation. Alternatively, he argues that he should have received the three-year minimum sentence.

■ We use a *de novo* standard when reviewing issues of sentencing under Tennessee Code Annotated § 40–35–401(d). Our review includes an analysis of (1) any evidence from the trial or sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments of counsel relative to sentencing alternatives; (4) the nature of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the criminal in his own behalf; and (7) the criminal's potential for rehabilitation. *State v. Fletcher*, 805 S.W.2d 785, 786 (Tenn.Crim.App.1991).

■ A defendant who establishes that he is a standard offender convicted of a Class C felony (such as here) has a rebuttable presumption that he is a favorable candidate for alternative sentencing options "in the absence of evidence to the contrary." T.C.A. § 40–35–102(6). Nonetheless, that presumption does not equate to an automatic entitlement and the burden of establishing suitability for probation is still on the defendant. T.C.A. § 40–35–303(b). Among the factors applicable to a defendant's request for probation are the nature of the offense, the defendant's criminal history and present condition, and the deterrent effect upon the defendant and the public.

■ The record in the case *sub judice* reveals that the appellant was one of the leaders of a distribution chain involved in selling the Schedule I drug, "Ecstasy." The arrest of several of the gang members was made after a three-month undercover operation by the police, and the amount of the drug involved was 125 units at a cost of $2,000. Officer Rick Kelley of the Union City Police Department testified that under the plan of the covert operation, the conspirators agreed to provide 1,000 units of Ecstasy at a price of $14,000, the 125–unit transaction being only the first in a series of five. If that operation went successfully, the conspirators agreed to sell 1,000 units of Ecstasy to the undercover agents every two weeks, at a cost of $14,000. The arrest was made after the first delivery because the police simply lacked the financial resources to continue the investigation. Officer Kelley further testified that after arresting Richard Cardwell at the time of the first delivery, he decided to cooperate with the police, and that his arrest led to the appellant. Another member of the gang, Jay Harrell, was arrested as he attempted to send money for the drugs to Dallas; Harrell also agreed to cooperate and made a tape-recorded conversation with the appellant concerning the price of the drugs and the amount of the next shipment. Several of the co-conspirators testified that the drugs came from Dallas.

The appellant did not testify on his own behalf, but did offer testimony from two people as to his good character. Shirley

Bailey, a cousin, related that she was sure he had learned his lesson, although she admitted she had not talked with him about the matter. Norma Dillard testified that the appellant was a friend of her son, and she knew him to be a fine young man.

After close review of the record, we find that the sentence of four years imprisonment is entirely correct. The nature of the offense involved a particularly large amount of an illegal drug being shipped into the community across state lines, with firm plans to distribute even larger amounts on a regular basis. The appellant was a leader in this transaction involving more than two criminal actors. T.C.A. § 40–35–114(2). The evidence against the appellant makes it likely that had he gone to trial he would have been found guilty and sentenced to more than the four years he received by plea-bargaining. Despite the testimony on his behalf that he is a "fine, wholesome young man," with no prior adult criminal record, he is not a favorable candidate for alternative sentencing options. The scheme here involved the interstate distribution of a highly dangerous drug in mass quantities. Any sentence less than the one received would depreciate the seriousness of the offense and would not serve as an appropriate deterrent to either this appellant or to others who might be inclined to traffic drugs.

PEAY and TIPTON, JJ., concur.

## ORDER DENYING PETITION TO REHEAR

The petition to rehear before us is centered on two grievances with our opinion of January 29, 1992. The appellant states that we overlooked the teachings of *State v. Ashby*, 823 S.W.2d 166 (Tenn.1991), released at Jackson on December 23, 1991, and *State v. Hartley*, 818 S.W.2d 370 (Tenn.Crim.App.1991) in affirming his conviction and denial of probation. What the appellant has overlooked is that both cases are factually distinguishable in terms of the magnitude of the drug transaction of which appellant stands convicted.

In short, the evidence does indeed overcome the presumption that the appellant is entitled to probation. T.C.A. § 40–35–102(5)(6). Summed up, we do not agree with his position. Surely, even as an active participant in a major drug scheme to sell 1,000 units of the drug Ecstasy every two weeks for $14,000, the appellant will agree that he is not the best candidate on the scene for probation.

A drug dealer in that type of transaction fits very easily under subsection (5), a convicted felon committing a most severe offense. We were of the opinion that his crime was a severe offense and not one that our law should presume eligible for probation. Neither do we believe our General Assembly or our Chief Justice in *State v. Ashby, supra,* intended that result to be reached by defining T.C.A. § 40–35–102.

We did not overlook anything in our opinion nor did we misconstrue any of the applicable laws by denying probation to this most unworthy applicant. We used the term "plea-bargaining" after acknowledging that the appellant entered a guilty plea. That term, used in passing dicta, is totally insignificant to the results of our affirming opinion. The evidence in the record clearly rebutted any presumption that appellant should be probated.

Finally, the record shows to us that the trial court very conscientiously considered all of the facts before making its decision to deny probation. It would be a sheer waste of taxpayer money and judicial resources to remand this record for any further consideration by the trial court.

The petition to rehear is denied.

Robert K. Dwyer
ROBERT K. DWYER, JUDGE
/s/ John H. Peay
JOHN H. PEAY, JUDGE
/s/ Joseph M. Tipton
JOSEPH M. TIPTON, JUDGE.