IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION



**FILED**

**July 21, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9808-CC-00250 |
| Appellee, | ) | |
| | ) | Hardeman County |
| v. | ) | |
| | ) | Honorable Jon Kerry Blackwood, Judge |
| RODERICK POLK, | ) | |
| | ) | (Sentencing) |

FOR THE APPELLANT:

David H. Crichton
P. O. Box 651
Bolivar, TN  38008

FOR THE APPELLEE:

Paul G. Summers
Attorney General & Reporter

J. Ross Dyer
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

Elizabeth T. Rice
District Attorney General

Jerry W. Norwood
Assistant District Attorney General
302 East Market Street
Somerville, TN  38068

OPINION FILED: _____

REVERSED AND REMANDED FOR A NEW SENTENCING HEARING

L. T. LAFFERTY, SENIOR JUDGE

# **O P I N I O N**

The appellant, Roderick Polk, herein referred to as "the defendant," appeals as of right from his sentence for the delivery of a Schedule II controlled substance, cocaine, a Class C felony, imposed by the Hardeman County Circuit Court. The trial court sentenced the appellant as a Range I, standard offender to forty months in the Department of Correction.

The defendant raises one issue for our review: whether the trial court erred in failing to grant the defendant probation, or, in the alternative, to place the defendant in the community corrections program. After a review of the record in this cause, the briefs of the parties, and appropriate law, we reverse and remand the trial court's judgment.

On January 5, 1998, the Hardeman County grand jury indicted the defendant and Marlon D. Beauregard for the unlawful, felonious, and knowing delivery of cocaine, a Schedule II controlled substance, on August 5, 1997. A jury found both defendants guilty as charged. On June 19, 1998, at the conclusion of a sentencing hearing, the trial court imposed a sentence of forty months in the Department of Correction, denying any alternative relief. The defendant elected not to testify at the sentencing hearing, but to rely on the presentence report. Since there is no trial transcript, the defendant's statements in the presentence report adequately substantiate the defendant's participation in this criminal activity:

> I was walking down Third Street then this black man stopped and asked me do I know where he can get $50.00 worth of crack. I said yes, then I got in the car. We rode around and made a few stops. Then I told him to go to the projects and that's when I got out and bought the crack. Then I got back in the car and gave him the crack and then he took me back to Third Street.

The presentence report reflects that, at the time of sentencing, the defendant was 25 years old, had never been employed, and had quit school in the eleventh grade. Between the ages of 17 and 23, the defendant had one public intoxication conviction and four traffic convictions, ranging from no driver's license, two leaving the scene of an accident, and driving on a suspended license. In addition, the defendant had two

2

misdemeanor convictions for theft of property and one misdemeanor conviction for possession of cocaine.

At the conclusion of the sentencing hearing, the trial court imposed a forty-month sentence, finding that the defendant had a history of criminal convictions requiring some enhancement from the minimum sentence of three years for this Class C felony. The trial court found in mitigation that the defendant played a minor role in the commission of this offense.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a **de novo** review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby* 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a **de novo** review of the sentence, this Court must consider: (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments of counsel as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the defendant regarding sentencing; and (7) the potential or lack of potential for rehabilitation or treatment. *State v. Smith,* 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987); Tenn. Code Ann. §§ 40-35-102, -103, -210.

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses,

3

possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." Tenn. Code Ann. § 40-35-102(5). Thus, a defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing, unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the sentence alternative. Tenn. Code Ann. § 40-35-103(5).

In this appeal, the defendant asks this Court to reverse the judgment of the trial court and remand this case for an alternative sentence of community corrections. The state, citing the defendant's criminal history, insists the defendant is not entitled to community corrections and to do so would only serve to further depreciate the seriousness of the defendant's crime.

Since the defendant is a Class C offender, he is presumed to be a favorable candidate for an alternative sentence, subject to rebuttal by case facts and circumstances. *See State v. Hartley*, 818 S.W.2d 370, 373 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1991). Criteria as to what will constitute "evidence to the contrary" under Tenn. Code Ann. § 40-35-102(6) is found in Tenn. Code Ann. § 40-35-103(1). When the state seeks total confinement, the trial court, in considering confinement, must base its considerations on: (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is necessary to avoid depreciating the

4

seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; and (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1)(A)-(C).

From our review of the record, the trial court did not fully comply with the sentencing principles as required. *See Ashby,* 823 S.W.2d at 169. Our review is without a presumption of correctness, thus we must consider the requirements of Tenn. Code Ann. §§ 40-35-102, -103, -210.

Offenders may be considered for placement in the community corrections program as an alternative sentence who are:

(1) Persons who, without this option, would be incarcerated in a correctional institution;

(2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, Chapter 13, parts 1-5;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(6) Persons who do not demonstrate a pattern of committing violent offenses.

Tenn. Code Ann. § 40-36-106(a).

On the surface, the defendant appears to be a proper candidate for consideration of placement in a community corrections program. Since the defendant elected not to testify, it is most difficult to determine the defendant's potential for rehabilitation or treatment. Therefore, we must rely on the facts of the case and the information contained in the presentence report. The defendant, at age 25, is a high school dropout, who has never been employed. He is a daily user of crack cocaine and marijuana, and has been

unsuccessful with drug counseling at Western Mental Health Institute. The defendant's criminal history consists of misdemeanor convictions, with probation in three cases between 1992 and 1994. The defendant has one prior misdemeanor cocaine conviction.

Tennessee Code Annotated § 40-36-106(c) gives some guidance as to chronic drug offenders:

> Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

On remand, we instruct the trial court to place the defendant in a community corrections program. We suggest, for the defendant's rehabilitative needs, that he should be confined for a minimum of ten months in the Hardeman County Jail as an appropriate condition of placement in the community corrections program, a strict rehabilitation program with mandatory drug screens, a mandatory employment program or job training, and such other conditions the trial court finds reasonable.

The trial court's judgment is reversed and remanded for a new sentencing hearing.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
DAVID G. HAYES, JUDGE