**STATE of Tennessee, Appellee,**

v.

**Billy Joe HARTLEY, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 6, 1991.

Permission to Appeal Denied By Supreme Court Sept. 30, 1991.

Virginia Lee Story, Franklin, for appellant.

Charles W. Burson, Atty. Gen., and Kimbra R. Spann, Sp. Asst. Atty. Gen., Nashville, Joseph D. Baugh, Jr., Dist. Atty. Gen. and Ronald L. Davis, Asst. Dist. Atty. Gen., Franklin, for appellee.

## OPINION

TIPTON, Judge.

The defendant, Billy Joe Hartley, Jr., was convicted, upon his plea of guilty, of possession with the intent to sell cocaine. The Circuit Court of Williamson County sentenced him to three years in the workhouse as a Range I, standard offender and imposed a three thousand dollar fine. The defendant appeals the trial court's denying him probation and asserts that the denial was an abuse of discretion.

■ Although the offense occurred in July, 1989, the sentence was imposed in January, 1990, and probation was denied in February, 1990. Therefore, appellate review is *de novo* on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40–35–401(d). In this regard, the standard of review does not relate to an abuse of discretion. As noted in the Sentencing Commission Comments to this section, the burden is now on the defendant to show that the sentence imposed was improper.

■ In conducting a *de novo* review of the defendant's sentence, including the manner in which he is to serve the sentence, this Court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the pre-sentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40–35–102,

–103 and –210; *see State v. Moss*, 727 S.W.2d 229 (Tenn.1986).

In this case, the defendant and one John Crawford, who has not appealed, were prosecuted together. At the sentencing hearing, the events were presented by Detective Fred Boone, Crawford and the defendant. Little of the evidence was controverted.

In July, 1989, Detective Boone had information regarding one Jonathan Lynch, seventeen years old, selling cocaine. A cooperating individual telephoned Lynch and asked to buy some cocaine, but Lynch did not have any. Crawford was visiting Lynch and Crawford determined that he could obtain some cocaine in Nashville. Crawford, then, talked to the cooperating individual to arrange the sale. At the hearing, Detective Boone said that the agreed amount was one-half ounce, but Crawford testified that it was one-quarter of an ounce.

It appeared that Lynch's parents were not at home and that he was watching his nephew. Also, Crawford, the defendant and others were visiting Lynch's home at the time of the telephone negotiations. The defendant testified that since Lynch had to tend to his nephew, the defendant drove Lynch's car, with Crawford as a passenger, to Nashville. The defendant said that other than driving, he was along for the ride. In any event, the purchase was made by Crawford and they returned to pick up Lynch.

The defendant, with Crawford and Lynch as passengers, drove to the designated place for the sale and the police arrested them. Detective Boone testified that he had been expecting Crawford and, perhaps, Lynch, but that he was unaware of the defendant's involvement until he drove up. Detective Boone said that Crawford was in the front passenger seat and that he leaned down as the police approached. When the three were removed from the car, white powder was found on the front passenger floorboard and in a baggie in Crawford's pocket.

The powder on the floor was vacuumed up and all substances were analyzed. The lab report reflected a total of 12.6 grams of "white powder and dirt residue" which contained cocaine. No qualitative analysis as to percentage of cocaine was made.

The defendant fully cooperated with Detective Boone and disclosed all that he knew about the circumstances. Although Crawford was making some money on the deal, there was no indication that the defendant was directly involved in the transaction or had a personal stake in it. The defendant testified that he had never been involved in selling cocaine on any other occasion. He admitted that he had used cocaine once and had experimented with marihuana, but he stated that he did not like either one.

The record reflects that, at the time of the offense, the defendant was eighteen years old. His parents had divorced when he was ten years old and, afterwards, he had lived most of the time with other relatives. He had dropped out of high school, but re-enrolled in January, 1990, and was taking courses in order to graduate in August, 1990. He was receiving financial support from his mother and grandparents during his schooling. He had an inconsistent work history and there was some indication that he may have misled the probation officer about his employment status at the time of the probation interview. Further, he missed several appointments set up by the probation officer. However, there was proof that he had a job available to him if he received probation and he expressed a willingness toward paying the fine imposed in this case.

The defendant appeared to be in good health and denied having an alcohol or drug problem. However, he had been convicted of public drunkenness earlier in 1989 and he had a juvenile court determination of reckless driving in 1986 which was alcohol related. The defendant's grandfather and mother testified as to his sincere remorse, his finishing his education and their belief that he would not commit any further criminal acts.[1]

---

1. There was testimony regarding the introduction of letters on behalf of the defendant.

The trial court denied probation after noting that cocaine is "a particularly bad kind of poison" and equating it to shooting a rifle into a crowd. Specifically, the trial court stated that it was not saying that it "would never grant probation, but it would have to be a very unusual case and this is not an unusual case."

The defendant argues that he should have received probation or, at least, placement in the community corrections program. The state asserts that there is ample evidence to support the trial court's determinations. In this regard, it claims that probation is a "privilege and a matter of favor" and that the burden is on the defendant to "show that he is entitled to the grace of probation," citing *Stiller v. State*, 516 S.W.2d 617, 619–620 (Tenn.1974); *State v. Jones*, 615 S.W.2d 159, 160 (Tenn. Crim.App.1981); *State v. Ricker*, 611 S.W.2d 839, 842–843 (Tenn.Crim.App.1980); *Frazier v. State*, 556 S.W.2d 239, 241 (Tenn.Crim.App.1977) and T.C.A. § 40–21–104(a)(1). The state, therefore, seeks to apply case law and statutory law which dealt with suspended sentences before the enactment of the Criminal Sentencing Reform Act of 1989.

■ Initially, it should be noted that T.C.A. § 40–21–104 was repealed before the sentence was imposed in this case. 1989 Tenn.Pub.Acts, ch. 591, § 7. Also, the defendant's sentencing was to be pursuant to the 1989 Act, unless its application was constitutionally prohibited. T.C.A. § 40–35–117(b). Thus, under the 1989 Act, the defendant was convicted and sentenced as a Range I, Class C felon. *See* T.C.A. § 40–35–118 (classifying offenses occurring before November 1, 1989). Under these circumstances, the legislature has provided probation eligibility for the defendant's felony class and sentence. T.C.A. § 40–35–303(a). Likewise, it has provided similar eligibility for community corrections sentencing alternatives. T.C.A. §§ 40–35–104(c)(8) and 40–36–106(a)(2).

At the time of sentencing in this case, T.C.A. § 40–35–102(6) (Supp.1989) essentially provided that defendants with sentences of less than eight years who have not committed the severest offenses "are presumed in the absence of evidence to the contrary to possess capabilities for rehabilitative alternative sentencing options in the discretion of the court and these are specifically encouraged." [2] On the other hand, regarding probation, T.C.A. § 40–35–303(b) provides that "nothing in this chapter shall be construed as altering any provision of present statutory or case law requiring that the burden of establishing suitability rests with the defendant." At first blush, the quoted provisions of these two statutes may appear contradictory, but in the context of the full subsection 303(b) and as explained in the Sentencing Commission Comments to it, there is no conflict. T.C.A. § 40–35–303(b) relates to the requirement of automatic consideration of probation by the trial court in eligible cases. In this regard, the Comments note that the above quoted language means that, although probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Likewise, the Comments specifically provide that T.C.A. § 40–35–303(b) should be read in conjunction with T.C.A. § 40–35–102(6).

Thus, when these provisions are read together, it is clear that the legislature has provided in the 1989 Act that, although probation is not a matter of automatic right, a defendant who meets the requirements of T.C.A. § 40–35–102(6) is vested with a rebuttable presumption that a sentence other than confinement would result

---

These letters are not part of the record, but the defendant's brief includes purported verbatim renditions of them. Without proper inclusion and authentication in the record on appeal, these exhibits cannot be considered by this Court. *See Carver v. State*, 570 S.W.2d 872, 873 (Tenn.Crim.App.1978); T.R.A.P. 24. Counsel should refrain from seeking to place before this Court matters of fact which are outside the record on appeal and should comply with the appellate rules regarding record modification. T.R.A.P. 24(e).

2. Effective April 30, 1990, T.C.A. § 40–35–102(6) was amended to provide that an especially mitigated or standard Class C, D or E felon "is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary."

in successful rehabilitation.[3] *See State v. Fletcher*, 805 S.W.2d 785 (Tenn.Crim.App. 1991). Likewise, given the application of the presumption and the principles in T.C.A. § 40–35–103(1) which control sentences involving confinement, it would appear anachronistic to call the grant of probation or other alternative sentences an act of "grace," "largess," or "favor" unless the defendant was not entitled to the presumption in the first place. These sentencing alternatives to confinement are specifically provided by the legislature in T.C.A. § 40–35–104(c) to meet the goals of the 1989 Act and their application is controlled by the Act.

■ In this case, the trial court did not deny probation because of any question as to the defendant's rehabilitative capabilities. In fact, the record reflects that the defendant is an appropriate candidate for well-supervised rehabilitation. The denial of probation stemmed from the trial court's view that cocaine-related felonies do not call for probation except in "a very unusual case." In this regard, the trial court imposed a standard not authorized by the law in effect at the time of sentencing.[4]

■ Once the legislature has specifically authorized the use of sentencing alternatives to confinement for a particular offense, trial courts may not summarily impose a different standard by which probation is denied solely because of the defendant's guilt for that offense. *See Franks v. State*, 543 S.W.2d 613, 615–616 (Tenn. Crim.App.1976) (since the legislature allowed drug sales, in the amount and class involved, to be eligible for probation, it was error to deny probation solely upon the ground of the amount and classification of the drugs sold). To allow such a result would fail to comply with the mandates of the 1989 Act and would condone inconsistency and "unjustified disparity in sentencing" unrelated to the purposes of the Act. *See* T.C.A. §§ 40–35–102(2) and –103(3).

Under the 1989 Act, sentences which involve confinement are to be based on the following considerations contained in T.C.A. § 40–35–103(1):

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. . . .

As previously indicated, the defendant's background and record are such that (A) and (C) are not implicated. The issue in this case, then, relates to whether or not the trial court could have denied probation under T.C.A. § 40–35–103(1)(B). In this vein, it is important to look to the historical development of case law regarding probation.

■ It has been held that probation may be properly denied based upon the circumstances surrounding the offense. *See State v. Travis*, 622 S.W.2d 529 (Tenn. 1981); *State v. Welch*, 565 S.W.2d 492 (Tenn.1978). For such a denial to occur, though, the circumstances of the offense "as committed, must be 'especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring

---

3. The April 30, 1990, amendment to T.C.A. § 40–35–102(6) appears to strengthen the presumption for alternative sentencing while, at the same time, limiting the offenders and felony classes to which it applies. For instance, a person who receives an eight year sentence for a Class B felony, would be eligible for probation under T.C.A. § 40–35–303(a), but would not be entitled to the rebuttable presumption for alternative sentencing options.

4. Cocaine felonies committed after November 1, 1989, are Class B under T.C.A. § 39–17–417(c)(1) and are not subject to the rebuttable presumption for alternative sentencing contained in the 1990 amendment to T.C.A. § 40–35–102(6). However, when the legislature classified cocaine felonies committed before November 1, 1989, as Class C, *see* T.C.A. § 40–35–118, it clearly provided for the application of the presumption in those cases.

probation." *State v. Cleavor,* 691 S.W.2d 541, 543 (Tenn.1985). This standard has essentially been codified in the first part of T.C.A. § 40–35–103(1)(B) which provides for confinement if it "is necessary to avoid depreciating the seriousness of the offense." *See State v. Fletcher, supra,* 805 S.W.2d at 788.

In the present case, the quantity of cocaine is not clear since it contained "dirt residue." Yet the record reflects that Detective Boone was expecting a purchase price of six hundred to seven hundred dollars, a significant amount. However, the record, likewise, shows that the defendant's role in the offense was very minor, was not motivated by his personal intent to commit a crime, and was not based upon him having a financial interest in the transaction. Therefore, the circumstances of the defendant's offense, as committed by him, do not appear to justify an outright denial of probation.

Further, before its repeal, T.C.A. § 40–21–104 (1982) provided that the trial court could deny probation because of "the deterrent effect upon other criminal activity." Case law developed by which it was recognized that deterrence is a factor in every criminal case and that, therefore, the statutory denial of probation because of deterrence, alone, must be supported by evidence indicating some special need or consideration relative to that jurisdiction which would not be addressed by the normal deterrence inherent in any criminal penalty. *See State v. Jenkins,* 733 S.W.2d 528, 535 (Tenn.Crim.App.1987); *State v. Vance,* 626 S.W.2d 287, 290 (Tenn.Crim.App.1981); *State v. Horne,* 612 S.W.2d 186, 187 (Tenn. Crim.App.1980). This standard appears to have been codified in the second part of T.C.A. § 40–35–103(1)(B) which provides for confinement if it is "particularly suited to provide an effective deterrence to others likely to commit similar offenses."

In this case, where the defendant was entitled to the presumption in T.C.A. § 40–

35–102(6), no proof was introduced to reflect any particular need for deterrence by confinement within the trial court's jurisdiction which would allow for rejection of the legislative encouragement for alternatives to confinement. The trial court's expressed concerns about cocaine are valid, but they exist in every case involving that drug and do not override the legislature's application of the presumption in cases similar to the defendant's.

The trial court did not allow the defendant the benefit of the presumption, to which he was entitled, that he possessed capabilities for rehabilitative alternative sentencing options. Further, the sentence to confinement was not sufficiently grounded upon the controlling principles found in T.C.A. § 40–35–103(1). Therefore, the presumption that the trial court's determinations are correct has been overcome in this case.

Under the facts in the record, it would appear that this youthful offender and society would best be served by allowing him to remain in the community, but under strict supervision. In this regard, the denial of probation is reversed and the case is remanded for the trial court to enter an order granting the defendant probation with split confinement by which he is to serve a total of ninety days, including credit for time already served. Further, the trial court shall impose such conditions as it deems appropriate, but such shall include ninety hours community service, placement in the community corrections program pursuant to T.C.A. § 40–36–106(f), and drug and alcohol counseling on an out-patient basis if an appropriate program is available.

SCOTT and JONES, JJ., concur.