**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**April, 1997 SESSION**

FILED

June 26, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9605-CR-00219 |
| | ) | |
| vs. | ) | Sumner County |
| | ) | |
| **ROBERT ALLEN VAUGHN**, | ) | Honorable Jane W. Wheatcraft, |
| | ) | Judge |
| Appellant. | ) | |
| | ) | |

FOR THE APPELLANT:

DAVID SIMPSON
113 West Main St.
Gallatin, TN 37066

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

JANIS L. TURNER
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

LAWRENCE RAY WHITLEY
District Attorney General

MICHAEL HIGGINBOTHAM
113 West Main St.
Gallatin, TN 37066
113 West Main St.

OPINION FILED: _____

**AFFIRMED PURSUANT TO RULE 20**

CURWOOD WITT
JUDGE

## OPINION

The defendant, Robert Allen Vaughn, pleaded guilty to two counts of burglary, a Class D felony.[1] On January 2, 1996, the trial court accepted the state's recommendation and sentenced the defendant to concurrent eight-year sentences as a Range III offender. The trial judge ordered the defendant to serve his sentence in the Department of Correction. In this appeal, the defendant challenges the trial court's denial of probation.

A defendant with a sentence of eight years or less is eligible for probation. Tenn. Code Ann. § 40-35-303(a)(Supp. 1996). One who is convicted of a Class E, D, or C felony is presumed to be a favorable candidate for alternative sentencing options. § 40-35-102(6). The presumption may, however, be rebutted by the facts and circumstances of the case. Tenn. Code Ann. § 40-35-102(6) (Supp. 1996); § 40-35-103(1) (1990); State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

This record contains more than ample justification to deny probation. The defendant has been convicted of at least six prior felonies for similar crimes. In addition, his record discloses numerous convictions for misdemeanors. During his twenty-three years of criminal activity, he has been on probation at least twice. He admits to using illegal drugs while on bond. These facts clearly support the trial judge's finding that the public needs to be protected from this defendant's continuing criminal behavior. See Tenn. Code Ann. §40-35-103(1)(A) (1990).

---

[1] The defendant was originally indicted on five counts. Pursuant to the plea agreement, the state dismissed the three remaining counts.

2

Therefore, based upon a thorough reading of the record, the briefs of the parties, and the law governing the issue presented for review, the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

_____
CURWOOD WITT, Judge


_____
GARY R. WADE, Judge


_____
DAVID H. WELLES, Judge