# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1996

FILED

October 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 01C01-9601-CC-00042** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **RUTHERFORD COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. J. S. DANIEL** |
| **KAREN MCKNIGHT,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Sentencing/Sale of Cocaine) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF RUTHERFORD COUNTY

FOR THE APPELLANT:

NED JACKSON COLEMAN
108 North Spring Street
Suite 108
Murfreesboro, TN 37130

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KAREN M. YACUZZO
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

WILLIAM WHITESELL
District Attorney General
Third Floor, Judicial Building
Murfreesboro, TN 37130

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

This is an appeal pursuant to Rule 3 Tennessee Rules of Appellate Procedure, from the sentence imposed by the Criminal Court of Rutherford County. On appeal, Appellant Karen McKnight argues that the trial court erred in denying her request for alternative sentencing. For the reasons set forth, the judgment of the trial court is affirmed.

## I. FACTUAL BACKGROUND

On June 10, 1995, Appellant pleaded guilty to four counts of the sale of cocaine under .5 grams and two counts of possession of cocaine. The plea included Appellant's agreement to serve a six year sentence for each of the first four counts and an 11 month, 29 day sentence for the other two counts. According to the pleadings, the parties agreed that the Appellant could seek to have the sentence suspended; they also left the determination of whether the sentences should be served consecutively to the trial court's discretion. The parties further agreed that Appellant would be sentenced as a standard offender.

A sentencing hearing was held on August 14, 1995. After hearing proof from several witnesses, including Appellant, the trial court imposed concurrent sentences. The trial court also partially suspended Appellant's sentence, ordering her to serve one year of her sentence in prison and ordering that upon release she is to be on probation for six years.

## II. APPELLANT'S STATUS AS A STANDARD OFFENDER

Appellant contends that the trial court erred in failing to sentence her as an especially mitigated offender. As a part of the plea bargaining process, Appellant agreed to both the length of her sentences and also to being sentenced as a standard offender. Accordingly, this issue is without merit. See State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987).

## III. ALTERNATIVE SENTENCING

Appellant complains that she did not receive full suspension of her sentence and probation for the entire length of her sentence. Probation is a matter entrusted to the discretion of the trial judge and Appellant bears the burden on appeal of showing that the sentence she received is inappropriate. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995).

Tenn. Code Ann. § 40-35-102(5) provides in pertinent part that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts of rehabilitation shall be given first priority regarding sentencing involving incarceration. "A defendant who does not fall into the category set forth in Section 40-35-102(5) and who is an especially mitigated or standard offender of a Class C, D, or E felony is "presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Id. § 40-35-102(6); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). This simply means that the trial judge must presume such a defendant to be a favorable

candidate for a sentence which does not involve incarceration. <u>Byrd</u>, 861 S.W.2d at 379-80. This presumption is however rebuttable and incarceration may be ordered if the court is presented with evidence which establishes

(A)
Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)
Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited or provide an effective deterrence to others likely to commit similar offenses; or

(C)
Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1); <u>Ashby</u>, 823 S.W.2d at 169.

This Court has recognized for some time that one or more of the factors in Section 40-35-103(1) which, if properly established, rebut the presumption of entitlement to a non-incarcerative sentence and justify the imposition of confinement, may also serve to justify the denial of full probation. <u>See, e.g.</u>, <u>Bingham</u>, 910 S.W.2d at 456, <u>State v. Chrisman</u>, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1995); <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991) (recognizing § 40-35-103(1)(B) as codification of principle that nature and circumstances of offense and need for deterrence may justify denial of probation). <u>A fortiori</u>, a discretionary denial of probation may be justified on the basis that the evidence shows that defendant falls into the category of felons described at Section 40-35-102(5) as being the most deserving of a sentence involving incarceration. <u>See</u> <u>e.g.</u>, <u>Chrisman</u>, 885 S.W.2d at 840. Therefore, in reviewing a denial of probation on appeal, when the record demonstrates that the

defendant may not claim the presumption of entitlement to a non-incarcerative sentence, or that the presumption has been rebutted, this Court will sustain the trial court's discretionary denial of probation if there is any evidence to support that determination.

Appellant was convicted of four (4) Class C felonies, and the State concedes that Appellant is presumptively entitled to a sentence which does not involve incarceration. However, the State argues that the presumption has been rebutted through the trial court's findings that some incarceration was necessary to avoid depreciating the seriousness of the offense.

This Court has held that in order to overcome the presumption of entitlement to a non-incarcerative sentence based on the need to avoid depreciating the seriousness of the offense, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring a sentence other that confinement." Bingham, 910 S.W.2d at 454 (quoting State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991).

An isolated sale of cocaine may or may not given the circumstances of a particular case constitute such reprehensible behavior that confinement is

necessary to avoid depreciating the seriousness of it.[1]  However, where the record shows, as here, that the defendant received a substantial portion of her income from cocaine sales, that she sold fairly significant amounts of cocaine, drug dealing activities disrupted her neighborhood, we will not disturb the trial court's discretionary judgment that at least some incarceration is necessary to avoid depreciating the seriousness of the offense.[2]

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID H. WELLES, JUDGE

---

[1] In State v. Hartley, 818 S.W.2d 370 (Tenn. Crim. App. 1991); this Court found that a trial court erred in failing to grant probation in a cocaine sale case based on a finding that incarceration was necessary to avoid depreciating the seriousness of the offense. In that case the defendant was a youthful offender who played a relatively minor role in the felonious transaction. The defendant likewise had no financial interest in the sale. In the case sub judice Appellant sold significant amounts of cocaine for money on a number of occasions. Appellant also had a prior criminal record for theft.

[2] Appellant testified her drug dealing often prompted neighbors to call police to their neighborhood.