IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL SESSION, 1999

FILED

August 10, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9806-CR-00196 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | BLOUNT COUNTY |
| VS. | ) | |
| | ) | HON. D. KELLY THOMAS, JR. |
| STEVE EUGENE HILL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Probation) |

FOR THE APPELLANT:

JULIE A. MARTIN
Contract Appellate Defender
P. O. Box 426
Knoxville, TN  37901-0426

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

MIKE FLYNN
District Attorney General

EDWARD P. BAILEY, JR.
Assistant District Attorney
363 Court Street
Maryville, TN  37804

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The appellant, Steve Eugene Hill, pled guilty in the Blount County Criminal Court to one (1) count of evading arrest, a Class E felony, and one (1) count of reckless driving, a Class B misdemeanor. The trial court sentenced him to concurrent terms of one (1) year for evading arrest and six (6) months for reckless driving. The trial court further ordered that the appellant be placed on supervised probation upon his service of fifteen (15) days in jail. On appeal, the appellant contends that the trial court erred in requiring him to serve fifteen (15) days in jail before being placed on probation. After a thorough review of the record before this Court, we conclude that there is no reversible error and affirm the trial court's judgment.

## I

On July 18, 1997, Officer James L. Wilson observed the appellant driving his automobile in speeds in excess of the posted speed limit on Highway 321 West. He also observed the appellant unlawfully changing lanes and otherwise driving in an erratic manner in heavy traffic. When Officer Wilson activated his blue lights to stop the appellant's vehicle, the appellant fled from the officer. The appellant was later apprehended and placed under arrest.

Subsequently, the appellant pled guilty to one (1) count of reckless driving and one (1) count of felony evading arrest. Pursuant to the plea agreement, he received concurrent sentences of six (6) months for reckless driving and one (1)

year for felony evading arrest, with the manner of service to be determined by the trial court.

At the sentencing hearing, the appellant admitted that he had been drag racing on Highway 321 when he was arrested. However, he denied intentionally evading the officer's signal to stop. He testified that he was self-employed and did not drink alcohol or take illegal drugs. When the prosecutor questioned the appellant regarding his prior convictions, he testified that he did not remember ever being arrested. The pre-sentence report indicates that the appellant has a prior criminal history including convictions for leaving the scene of an accident, public intoxication, assault and battery and driving on a revoked license.

At the conclusion of the hearing, the trial court determined that the appellant should serve fifteen (15) days in jail before being placed on supervised probation. From his sentence, the appellant brings this appeal.

II

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is simply *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) the evidence, if any, received at the trial and the sentencing hearing;
>
> (2) the presentence report;
>
> (3) the principles of sentencing and arguments as to sentencing alternatives;
>
> (4) the nature and characteristics of the criminal conduct involved;
>
> (5) evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
>
> (6) any statement the defendant wishes to make in his own behalf about sentencing.

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim.

App. 1991). Indeed, a defendant seeking full probation bears the burden on appeal of showing that the sentence actually imposed is improper and that full probation will be in both the best interests of the defendant and the public. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995).

A trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public in determining whether to grant or deny probation. State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

### III

The appellant argues that he is entitled to a presumption of alternative sentencing because he was convicted of a Class E felony and a Class B misdemeanor. Furthermore, he contends that a period of fifteen (15) days in confinement is overly excessive under the facts of this case.

The appellant received a sentence of split confinement, which is a form of alternative sentencing under Tenn. Code Ann. § 40-35-104(c)(4). It is the

appellant's burden, however, to establish that total probation will be in both the best interests of the defendant and the public. State v. Bingham, 910 S.W.2d at 456.

In this case, the appellant has a prior criminal history consisting of convictions for leaving the scene of an accident, public intoxication, assault and battery and driving on a revoked license. The appellant did not remember his convictions for these offenses and he denied having a criminal history to the officer preparing the pre-sentence report.

The trial court made no findings with regard to its decision to confine the appellant for a period of fifteen (15) days. However, upon this Court's *de novo* review, we conclude that a period of confinement is warranted in this case. Albeit somewhat minor, the appellant has a prior criminal history extending over a period of ten (10) years. Moreover, the appellant committed and was convicted of the offense for leaving the scene of an accident while on bond awaiting trial for the present offenses. This reflects negatively on his potential for rehabilitation. Additionally, it appears that the appellant was less than candid with the trial court in claiming that he did not recall ever being arrested. This Court has recognized that an appellant's lack of candor with the trial court reflects negatively on the appellant's rehabilitation potential. State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996).

After considering the nature of the offenses committed, the appellant's prior record and the appellant's potential for rehabilitation, we conclude that a period

of fifteen (15) days confinement is appropriate under the circumstances of this case.  Accordingly, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOE G. RILEY, JUDGE


_____
NORMA MCGEE OGLE, JUDGE