IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 12, 2006

## STATE OF TENNESSEE v. FRANK SMITH

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-10325     W. Fred Axley, Judge**

_____

**No. W2005-01997-CCA-R3-CD  - Filed November 3, 2006**

_____

Following a jury trial, a Shelby County trial court convicted the defendant, Frank Smith, of two counts of rape (Class B felonies). The trial court sentenced the defendant to terms of incarceration of eight years on each offense, to be served concurrently. The defendant contends on appeal that the trial court erred by failing to sentence him to a form of alternative sentencing and specifically argues that the trial court failed to state on the record its reasons for denying an alternative sentence. The defendant failed to provide a record of his sentencing hearing and, therefore, we must presume the trial court was correct. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Charles R. Curbo, Memphis, Tennessee, for the appellant, Frank Smith.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tracye N. Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

The defendant avers in his brief that the facts of the underlying rape are "unimportant" and declined to offer his version. We rely on the facts as recited by the State and elicited at trial.

The victim testified at trial that she was thirteen years old at the time of the rape. She said that she and a friend, April, were picked up from April's home by April's boyfriend and his uncle, the defendant. She recalled that they rode from Tipton County to Memphis and arrived at the defendant's home. She said they all went into the house and the defendant said he wanted the victim

to leave with him so that April and her boyfriend could have "some time alone." She said that she told April that she did not want to go with the defendant because she did not know him, but April told her it would be okay.

The victim testified that she left with the defendant. While riding in the car, he asked her if she drank. She replied that she did not, and he then asked her what she wanted to do. She replied that she did not know, and he took her to a hotel. She said that she told him she did not want to go to the hotel. The defendant became angry and told her that "if he wanted to treat [her] to let him treat [her]." She recalled that he went into the office, got a room key, returned to the car, and moved it away from the office. She said that they went into the room, and he locked the door. He told her to sit on the bed and take off her clothes so he could look at her body. She said she was scared and started to ask him not to have sex with her. He told her he just wanted to look at her body, but he would hurt her if he needed to. She said that she believed that he would hurt her.

She said she took off her clothes and, after he removed his clothes, he climbed into bed and had sex with her. She said that she was trembling badly and that he told her to stop because she was making him nervous. After the rape, they dressed and returned to pick up April and her boyfriend. She recalled that a woman was at the defendant's house and that he asked the boyfriend if "Dorothy" was mad at him for having company. The defendant returned the victim and April to a location near April's house, and they walked the rest of the way.

The victim said that she did not tell her mother about the rape because she did not want her to be hurt. She told a friend who had previously been sexually assaulted, about the rape because she believed she would understand. The friend told their school counselor who, in turn, reported the incident to the victim's mother. Her mother took her to the doctor and the victim provided a statement to law enforcement.

The victim testified that the defendant told her the rape was her fault because she told him she did not care what they did that night. She identified the defendant in the courtroom.

The next witness to testify was Dr. Loren Crown, a doctor in the emergency department at Baptist Memorial Hospital in Tipton County. He testified that the victim was examined at the hospital on September 2, 1999, by Dr. Naqui, the attending physician in the emergency department. He said that the victim's pelvic examination showed a ruptured hymen and positive cervical motion tenderness. He said that the ruptured hymen could be the result of a number of things including sexual penetration. He testified that the positive cervical motion tenderness reflected that the victim was experiencing discomfort in her cervix which could have been indicative of inflammation in her uterus caused by trauma. He also said that, during their first pelvic examination, some thirteen-year-old girls may be "exquisitely sensitive." He said that clue cells were present in the victim's exam, which are correlated with sexual activity. He testified that the records reflected the diagnosis as sexual assault and pelvic inflammatory disease.

Next, Pramudhbhai Patel, the owner of the Rainbow Inn in Memphis, testified that the Rainbow Inn is a motel with rooms rented hourly and daily. His testimony, which was based on a work sheet from the hotel, was that a room was rented to the defendant for two hours on the night of August 28, 1999, from 9:57 p.m. until 11:57 p.m. The work sheet was made an exhibit, in addition to the registration card for the defendant. After Mr. Patel's testimony, the State rested its case, and the defense moved for a judgment of acquittal. The motion was denied, and the defendant was questioned about his decision not to testify.

The defense called one witness, Dorothy Jackson, a former girlfriend of the defendant. She testified that she has known the defendant since 1998 and that she was intimate with the defendant in August of 1999. She said that, around Labor Day weekend in 1999, the defendant picked her up around 8:30 or 9:00, and they went to the Rainbow motel on Jackson Avenue. She said that they stayed at the motel until 12:30, when the defendant's nephew paged him. She recalled that the defendant called his nephew and asked him for a ride somewhere but he told him he would take him the next day. She said this was the last time that she and the defendant had been intimate.

On cross-examination, Ms. Jackson said that she was contacted the day before trial by the defendant to testify on his behalf. She said that she was not aware that he had been charged with the crimes until the previous day.

Counsel on appeal was substituted for trial counsel on April 22, 2005.

Analysis

The defendant raises four issues on appeal: (1) The evidence preponderates against the guilt of the defendant; (2) The sentence was too harsh; (3) The trial court erred in every ruling on every objection to the introduction of evidence made by counsel at trial; and (4) The defendant did not receive a fast and speedy trial. In his brief, he concedes that issues one, three, and four are without merit, and he presents no argument on these issues. Therefore, these issues are waived.

The defendant's only issue on appeal is that the trial court erred in failing to sentence him to some form of alternative sentencing. He specifically alleges that the trial court failed to state on the record its reasons for denying alternative sentencing, but he failed to provide a record of the sentencing hearing for this court's review. In his brief, appellate counsel moved for an extension of time to supplement the record with the transcript of the hearing and stated that he would submit a motion to the court to have the sentencing hearing transcribed. However, our review of the record reflects that no such motion was ever submitted and that the record was never supplemented with a transcript of the sentencing hearing to aid our review.

It is the duty of the accused to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn.1999). Because the record is incomplete and does not contain the proceedings relevant to the sentencing issue, we are precluded from

considering the issue because we do not have the necessary tools to determine whether the trial court considered alternative sentencing. By failing to produce an adequate record, the defendant has waived any claim that the conclusions of the trial court are incorrect. <u>See</u> <u>State v. Ivy</u>, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

The defendant was convicted in 2004 for crimes he committed in 1999. At all times since the crime was committed, rape was classified as a Class B felony and subject to punishment of eight to twelve years for a Range I offender. This defendant had no prior record but was classified by the trial court as a violent offender. His sentence of eight years made him eligible for consideration for probation, but he had the burden of establishing suitability for total probation because a defendant is not automatically entitled to probation as a matter of law. T.C.A. § 40-35-303(b), Sentencing Commission Comments; <u>State v. Hartley</u>, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

This court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. T.C.A. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant circumstances. <u>State v. Pettus</u>, 986 S.W.2d 540, 543 (Tenn. 1999). The burden is upon the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. However, because the appellant did not include the sentencing transcript in the record, he is unable to carry his burden and we must presume the sentence imposed by the trial court was correct.

<u>Conclusion</u>

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE