# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## DECEMBER SESSION, 1998

FILED

June 8, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 03C01-9801-CC-00557** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **ANDERSON COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. JAMES B. SCOTT** |
| **JULIA JENKINS,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | **(Direct Appeal - Aggravated Assault)** |

**FOR THE APPELLANT:**

LESLIE HUNT
139 North Main Street
Clinton, TN 37716

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

JAMES N. RAMSEY
District Attorney General

JAN HICKS
Assistant District Attorney
Room 127, Courthouse
Clinton, TN 37716

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On September 17, 1997, Appellant Julia Jenkins pled guilty to one count of aggravated assault. After a sentencing hearing on November 14, 1997, the trial court sentenced Appellant as a Range I standard offender to three years of imprisonment. Appellant challenges the trial court's denial of probation. After a review of the record, we affirm the judgment of the trial court.

## FACTS

On May 28, 1996, Appellant and Berl Freels spent approximately four hours drinking at Lucky's Lounge in Oak Ridge, Tennessee. Appellant and Freels then went to a store, purchased a twelve-pack of beer, and then went to Freels' residence. At some point, Appellant and Freels began arguing, and Appellant subsequently shot Freels in the head with a .32 caliber pistol. Appellant initially claimed that Freels had shot himself, but she subsequently gave a statement in which she claimed that she accidentally shot Freels after she picked up the gun from the table where Freels had placed it. At the sentencing hearing, Appellant testified that she shot Freels after he asked her to. Appellant testified that the first time she fired the gun, it did not go off, but when Freels kept begging her to shoot him, she fired the gun again and shot him.

**ANALYSIS**

Appellant contends that the trial court erred when it failed to grant probation in this case.[1]  We disagree.

Under Tennessee law, a defendant is eligible for probation if the sentence imposed is eight years or less and further, the trial court is required to consider probation as a sentencing alternative for eligible defendants.  Tenn. Code Ann. § 40-35-303(a)–(b) (1997).  However, even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law."  Tenn. Code Ann. § 40-35-303(b) (1997), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).  Indeed, a defendant seeking full probation bears the burden on appeal of showing that the sentence actually imposed is improper and that full probation will be in the best interest of both the defendant and the public.  State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995).  When determining suitability for probation, the sentencing court considers the following factors:  (1) the nature and circumstances of the criminal conduct involved;  (2) the defendant's potential or lack of potential for rehabilitation, including the risk that, during the period of probation, the defendant will commit another crime;  (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense;  and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes.  Tenn. Code Ann.

---

[1]We note that our review on appeal is limited to the narrow question presented by Appellant of whether the trial court erred when it failed to grant probation.  Accordingly, this review does not address the appropriateness of other sentencing alternatives.

§§ 40-35-210(b)(4), -103(5), -103(1)(B) (1997 & Supp. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); Bingham, 910 S.W.2d at 456.

Although the trial court did not expressly list the factors on which it based its decision to deny probation, it is apparent from the record that the court based its decision on the nature of the offense and on a conclusion that probation would depreciate the seriousness of the offense. The nature and characteristics of the criminal conduct involved are factors that are logically related to the issue of depreciating the seriousness of the offense. See Hartley, 818 S.W.2d at 374–75. When these factors serve as the only basis for denying probation, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree and the nature of the offense must outweigh all factors favoring a sentence other than confinement." Bingham, 910 S.W.2d at 454 (citation omitted). The record indicates that after a verbal confrontation, Appellant intentionally pointed a gun at Freels' head and pulled the trigger. When the gun did not fire the first time, Appellant intentionally pulled the trigger again and shot Freels in the head. As a result, Freels is blind in his right eye, deaf in his right ear, paralyzed on the right side of his face, and has bullet fragments in his skull which cannot be removed. Thus, we find the circumstances of this offense to be sufficiently reprehensible and offensive to justify a denial of probation.

In addition, we conclude that Appellant's potential for rehabilitation also weighs against a sentence of probation. Indeed, Appellant's prior criminal record consists of two public intoxication convictions, two reckless driving convictions, and one conviction for driving under the influence of an intoxicant. This

continuing disrespect for the law indicates that Appellant has poor potential for rehabilitation. Further, the record indicates that Appellant initially denied all responsibility for the shooting by claiming that Freels had shot himself. Appellant then admitted that she had shot Freels, but denied responsibility by claiming that the gun had fired accidentally. Even at the sentencing hearing when she admitted to pulling the trigger two times before she shot Freels, Appellant continued to maintain that the shooting was an accident that occurred only because Freels asked her to shoot him. This Court has previously stated that failure to accept responsibility for one's criminal conduct reflects poorly on rehabilitative potential. State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996).

Based on the circumstances of this offense, a conclusion that probation would depreciate the seriousness of the offense, and Appellant's poor potential for rehabilitation, we hold that the trial court did not abuse its discretion when it denied probation in this case. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JAMES CURWOOD WITT, JR., JUDGE