# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1998 SESSION



FILED

November 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | |
| | ) | C.C.A. No: 02C01-9711-CC-00455 |
| Appellee, | ) | |
| | ) | Hardeman County |
| VS. | ) | |
| | ) | Hon. Jon Kerry Blackwood, Judge |
| | ) | |
| **LUTHER TOOTLE**, | ) | (Sentencing) |
| | ) | |
| Appellant. | ) | |

**FOR THE APPELLANT:**

Andrew S. Johnston
108 East Court Square
Somerville, TN  38068

**FOR THE APPELLEE:**

John Knox Walkup
Attorney General & Reporter

Clinton J. Morgan
Counsel for the State
425 Fifth  Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN  37243-0493

Elizabeth T. Rice
District Attorney General
302 Market Street
Somerville, TN  38068

Jerry Norwood
Assistant District Attorney General
Hardeman County Courthouse
Bolivar, TN  38008

OPINION FILED: _____

**AFFIRMED**

ROBERT W. WEDEMEYER,
Special Judge

## OPINION

The defendant pled nolo contendre to one count of attempted child rape and two counts of sexual battery. At the conclusion of the sentencing hearing, the trial court sentenced the defendant to the minimum sentence of eight years on the attempt to commit child rape conviction and the minimum sentence of one year for each of the sexual battery convictions and ordered the sentences to run concurrently. The defendant was sentenced as a Standard thirty percent (30%) Range I Offender. The trial court denied the defendant's request for probation or alternative sentencing stating that said denial was based on the sole factor that confinement is necessary to avoid depreciating the seriousness of the offense. In this appeal, the defendant argues that the trial court erred in failing to grant probation and in ordering the defendant to serve the sentences with the Tennessee Department of Correction.

Following our review of the record, we affirm the trial court.


**SENTENCING HEARING**

At the sentencing hearing, the state presented testimony from the mothers of two of the victims. The defense presented the testimony of five witnesses, including the defendant's mother, who were all character witnesses for the defendant. The defendant also testified.

The mother of each victim testified in detail as to the adverse effects of the defendant's conduct on her child. One victim has cerebral palsy and walks with crutches. Another victim has an "attention deficit" and is in a class for the emotionally disturbed. One victim was eight-years-old when victimized and the other was seven-years-old when victimized. Both parents expressed, in no uncertain terms, their opinions that the defendant should go to jail.

The witnesses for the defendant all essentially agreed that the defendant is a respectable young man with a good reputation who is involved extensively in church and church-related activities. The defendant has no criminal record whatsoever. The defendant denied any involvement in the criminal activity to which he pled nolo contendre. He recently graduated from high school and would like to attend college. The defendant presented several certificates and awards that he had received for church-related activities. He also expressed his willingness to comply with any conditions of probation that might be

2

set by the court.

**LEGAL ANALYSIS**

When the defendant challenges the manner of serving a sentence, it is the duty of this Court to conduct a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. §40-35-401(d). The "presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances". State v. Ashby, 823 S.W. 2d 166, 169 (Tenn. 1991).

In its review, this Court must consider the following: the evidence, if any, received at trial and sentencing hearing, information contained in the presentence report, the statutory principles of sentencing, counsel's arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct, mitigating and statutory enhancement factors, any statement that the defendant made on his own behalf, and the potential for rehabilitation or treatment. Ashby, 823 S.W. 2d 166, 168-169 (Tenn. 1991).

In a case where the defendant seeks probation, the Court must consider "the accused's criminal record, social history, present physical and mental condition, the circumstances of the offense, the deterrent effect upon criminal activity of the accused as well as others, and the accused's potential for rehabilitation and treatment." State v. Parker, 932 S.W.2d, 945, 959 (Tenn. Crim. App. 1996). This Court has previously determined that a negative finding of any one of these factors is sufficient to support a denial of probation. State v. William Bell, No. 02C01-9608-CR-00275 (Tenn. Crim. App. July 18, 1997).

In the instant case, the trial court heard the testimony of the mothers of two victims, the defendant, the defendant's mother, and several character witnesses for the defendant. The trial court also reviewed the pre-sentence report and heard argument by counsel. After a concise discussion of enhancing and mitigating factors, the Court sentenced the defendant to the minimum sentence for each offense, to run concurrently. It is clear from the record that the trial court considered the law and evidence before it and concluded that it was appropriate to deny probation in this case. The trial court concluded that:

> The Court denies any petition for relief or for alternative sentencing or suspension. The Court has done so on the sole

3

factor, and only factor, that confinement is necessary to avoid depreciating the seriousness of the offense.

T.C.A. §40-35-103(1) provides:

Sentences involving confinement should be based on the following considerations:

...(B) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses;...

A denial of alternative sentencing when based upon Tennessee Code Annotated section 40-35-103(1)(B) must be predicated upon a finding that the nature and circumstances of the offense are "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree" and that the nature of the offense "outweighed all other factors . . . which might be favorable to a grant of probation." State v. Travis, 622 S.W.2d 529, 534 (Tenn. 1981); see also State v. Hartley, 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991). Although the trial court did not repeat any of the Travis-Hartley adjectives in determining that confinement was necessary to avoid depreciating the seriousness of the offense, it is clear from the record that the nature of these sexual offenses committed against child victims who were impaired was exaggerated in seriousness. Upon our de novo review of the record, we find that the nature of these offenses was especially shocking, reprehensible, and offensive, and supports the denial of alternative sentencing in general and probation in particular.

Having reviewed the testimony from the sentencing hearing, the presentence report, and the entire record, this Court concludes that the defendant has failed to meet his burden of showing that the trial court erred in denying alternative sentencing.

## CONCLUSION

This Court AFFIRMS the sentence imposed by the trial court.

_____
ROBERT W. WEDEMEYER,
Special Judge

CONCUR:

_____
JOE G. RILEY, Judge

4

_____
CURWOOD WITT, Judge