# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs April 19, 2016

## STATE OF TENNESSEE v. MICHAEL BROWN

**Appeal from the Circuit Court for Marshall County**
**No. 14CR107     Forest A. Durard, Jr., Judge**

_____

### No. M2015-02139-CCA-R3-CD – Filed July 13, 2016

_____

The defendant, Michael Brown, appeals the trial court's decision to require him to serve sixty days in confinement for his conviction for sexual contact with an inmate, a Class E felony. After a thorough review of the record, we conclude that the trial court did not abuse its discretion in sentencing, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Donna L. Hargrove, District Public Defender; and William J. Harold and Michael Collins, Assistant District Public Defenders, for the Appellant, Michael Wade Brown.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Robert Carter, District Attorney General; and Drew Wright, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

The defendant was charged with misconduct after he had sexual contact with the victim, C.M.,[1] while he was on duty as a correctional officer and she was an inmate in his

---

[1] It is the policy of this court to refer to victims of sexual assault by their initials in order to protect the victim's privacy.

custody. The defendant was originally charged with one count of sexual contact with an inmate by a correctional employee. A superseding indictment, however, charged the defendant with three counts of rape in addition to one count of sexual contact with an inmate by a correctional employee. On October 7, 2015, the defendant entered an open guilty plea to one count of sexual contact with an inmate by a correctional employee, and the other charges were dismissed.

At the plea hearing, the prosecution summarized the basis for the plea. The defendant worked for the Giles County Sheriff's Department and was acting as a jailer with the county jail. On October 23, 2013, he was assigned to pick up the victim from the Middle Tennessee Mental Health Institute. The prosecution noted that a video showed the defendant putting the victim, who appeared to be "not handcuffed at that time or not handcuffed according to the Giles County policy anyway," into the front seat of the patrol vehicle. The defendant got off the interstate in Marshall County and pulled into the back of an abandoned gas station. The defendant then gave the victim some food and drink. The prosecution specified the offense as oral sex and "touchings." The prosecutor noted that the State also possessed video evidence of the two arriving at the Giles County jail, as well as lab reports and "proof of the result of the … sexual act." The State also intended to rely on the victim's testimony as well as statements made by the defendant to law enforcement. The defendant acknowledged that this recitation of facts was "close" and agreed that the State could prove the elements that would constitute the offense. The trial court accepted the defendant's plea.

At the sentencing hearing, the State introduced further evidence regarding the circumstances of the offense. Chief Deputy Bob Johnson, who investigated the crime, testified that the defendant's statement in the presentence report did not match the statement he gave investigators after the crime. Chief Deputy Johnson testified that the defendant had told law enforcement that the victim was exposing her breasts to him while he drove and "he may or may not have touched them." He told police that he pulled off at the abandoned gas station and that, as he took her from the front seat to the back seat, he exposed his penis to her. He told investigators that "he didn't think she had ever put it in her mouth but that her lips may have touched it and he thought that maybe she had spit on it but that it was in her hand." He also stated that he did not ejaculate and was unable to have an erection without medication. Chief Deputy Johnson testified that the video from the Giles County Jail showed the victim arriving in the back seat of the patrol vehicle.

In the presentence report, the defendant stated that he picked up the victim, and because she appeared sick, he handcuffed her hands in front and allowed her to ride in the front seat. He stated that she was exposing herself as he drove and that he repeatedly pulled over and told her to stop. He acknowledged that he eventually touched her breast.

2

He stated that when he stopped at the abandoned gas station, he merely transferred her to the back seat and "[t]here was no oral sex." The police report annexed to the presentence report summarized the victim's written statement, in which she stated that as she was riding handcuffed in the front seat, the defendant pulled off at an abandoned gas station and moved her to the back seat of the vehicle. He then instructed her to give him oral sex, and he ejaculated on her clothing. The victim stated that the defendant touched her breasts afterward and digitally penetrated her. She stated that afterwards, he told her he would give her pills in exchange for her silence. The victim completed a victim impact statement in which she stated she suffered from increased post-traumatic stress disorder, increased anxiety, inability to sleep, and difficulty with personal relationships as a result of the crime.

The defendant had no prior record and had a long history of military service, receiving an honorable discharge.

After considering enhancing and mitigating factors, the trial court found no enhancing factors and two mitigating factors (2) and (13) and imposed a two-year sentence. It noted that the defendant was a favorable candidate for alternative sentencing. The trial court found that although the defendant had no prior criminal history and seemed unlikely to reoffend, the circumstances of the crime were reprehensible because the victim was entirely within the defendant's control, handcuffed inside a patrol car, during the transfer to the Giles County Jail. The trial court also found that the defendant's potential for rehabilitation was negatively impacted by the lack of candor in his statements. The trial court declined to base sentencing on the deterrent effect of the sentence because the crime was unusual within the county. The trial court ultimately concluded that it would order the defendant to serve sixty days in confinement and to serve the remainder of the sentence on probation. The defendant appeals, challenging only the trial court's decision to deny probation in full.

## ANALYSIS

A trial court's sentencing decisions are generally reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences that reflect a proper application of the purposes and principles of sentencing. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The court will uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Even if the trial court "recognizes and enunciates several applicable mitigating factors, it does not abuse its discretion if it does not reduce the sentence from the maximum on the basis of those factors." *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). This court also

reviews the denial of an alternative sentence which falls within the appropriate range and reflects that the decision was based on the purposes and principles of sentencing under an abuse of discretion standard, accompanied by a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

In determining "the specific sentence and the appropriate combination of sentencing alternatives," the trial court must consider: (1) the evidence at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the applicable mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant wishes to make in the defendant's own behalf about sentencing. T.C.A. § 40-35-210(b) (2010).

In determining whether incarceration is an appropriate sentence, the trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1). "The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(4), (5).

In the absence of evidence to the contrary and excluding defendants committing the most severe offenses and possessing criminal histories evincing a clear disregard for the laws and morals of society or evincing failure of past efforts at rehabilitation, a standard offender convicted of a Class E felony should be considered as a favorable

4

candidate for alternative sentencing options. T.C.A. § 40-35-102(5), (6)(A). The statute states that the court "shall consider, but is not bound by" this guideline. T.C.A. § 40-35-102(6)(D).

The party appealing the sentence has the burden of demonstrating its impropriety. T.C.A. § 40-35-401, Sentencing Comm'n Cmt. Likewise, the defendant bears the burden of establishing that he or she is a suitable candidate for probation. T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *Carter*, 254 S.W.3d at 347 (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). In basing the denial of alternative sentencing on avoiding depreciating the seriousness of the offense, this court has stated that the trial court must find that the offenses were "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree." *State v. Bottoms*, 87 S.W.3d 95, 103 (Tenn. Crim. App. 2001) (quoting *State v. Hartley*, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)).

Here, the trial court properly considered the principles and purposes of sentencing and articulated mitigating and enhancing factors on the record. The trial court considered the defendant's potential for rehabilitation, finding that his lack of criminal history indicated that he was unlikely to reoffend but also finding that his changing story about the events and his lack of candor might have a negative impact on his potential for rehabilitation. The trial court chose to order confinement to avoid depreciating the seriousness of the crime. In doing so, the trial court made the requisite findings under *Bottoms*, concluding that the offense was especially reprehensible, as the victim was isolated by the defendant from any possible sources of help and was handcuffed during the crime. We note that the defendant was also initially charged with rape after the victim alleged that he forced her to engage in nonconsensual oral sex. We conclude that the trial court did not abuse its discretion in ordering confinement.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

5