# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 5, 2000

## STATE OF TENNESSEE v. TYRONE PIERCE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 96-02967     Bernie Weinman, Judge**

---

**No. W2000-00571-CCA-R3-CD  - Filed March 27, 2001**

---

The defendant pled guilty to criminal attempt to commit aggravated sexual battery, a Class C felony. Pursuant to a plea agreement he agreed to a three-year sentence as a Range I Standard Offender, with the manner of service to be determined after a hearing by the trial court.  The trial court sentenced the defendant to serve 270 days in the workhouse on weekends ("day for day") from 7:00 p.m. on Fridays to 7:00 p.m. on Sundays and five years probation with a 10:00 p.m. curfew on weekdays. The defendant contends he should have received full probation or some other less restrictive form of alternative sentencing.  We affirm the trial court's denial of full probation but modify the time of service in the workhouse on weekends to 104 days.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed as Modified**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

Phyllis Aluko and W. Mark Ward, Assistant Public Defenders, for the appellant, Tyrone Pierce.

Paul G. Summers, Attorney General and Reporter; Lucian D. Geise, Assistant Attorney General; William L. Gibbons, District Attorney General, and John W. Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 14, 1996, the defendant, Tyrone Pierce, was indicted in Shelby County for aggravated sexual battery of a child less than thirteen years of age, allegedly committed between May 1, 1993 and September 30, 1993.  The defendant was in the Navy and received no notice of the indictment until his arrest on November 23, 1998.

On September 30, 1999, the defendant waived his right to a trial by jury, and entered into a negotiated plea agreement, by which he pled guilty to the lesser offense of criminal attempt to commit aggravated sexual battery, a Class C felony, with an agreed upon sentence of three years as a Range I Standard Offender. The manner of service of the sentence was to be determined by the trial court, after a hearing. A Pre-sentence Investigation Report was prepared, and a sentencing hearing was conducted on February 11, 2000. At the conclusion of the sentencing hearing, the trial judge denied the defendant full probation and ordered him to serve 270 days in the workhouse on weekends ("day for day") from 7:00 p.m. on Fridays to 7:00 p.m. on Sundays and ordered five years probation with a 10:00 p.m. curfew on weekdays. The defendant was also ordered to maintain employment and to continue psychiatric care.

In this appeal the defendant contends that the trial court erred in refusing to fully suspend his sentence or, in the alternative, place him on some other less restrictive form of alternative sentencing. After review, we affirm the trial court's denial of full probation; however, we modify the defendant's sentence.

**Facts**

The defendant stipulated to the following summary of facts in support of his conviction:

MR. CAMPBELL: Your Honor, the facts that give rise to this indictment occurred during the summer of 1992. The defendant was babysitting for the victim in this case and her sister. During that time, the victims – during that time after this time, the victims told their father that the defendant had taught them how to, quote, unquote, pee like a boy, as well as some details regarding how to masturbate. The father then turned in this information to the police.

The defendant was subsequently interviewed by the Navy after he went into the Navy. That testimony, Your Honor recalls, the special investigator for the Navy was here. He, in his statement, denied any contact but did in fact give statements that seemed to corroborate what these little girls were saying had happened. He was then charged with this offense.

\* \* \*

MS. ALUKO: Your Honor, we would stipulate with one exception. I believe that the initial complaint came from a teacher –

MR. CAMPBELL: Okay. Right.

MS. ALUKO: – and not the parent of the child. We would stipulate that those are the facts that the state would have presented had this matter gone to trial, and we do ask you to accept the negotiated settlement.

The pre-sentence report contained no information from the victim or her family. The report reflects they were unable to be located. Therefore, we have no information concerning the impact of this crime on the victim. At the time of sentencing the victim was around seven years old and her sister was around twelve years old.

## **Analysis**

The defendant contends the trial court erred in denying him full probation or some other less restrictive form of alternative sentencing. The State contends the record supports the trial court's sentencing determination, and that the sentence should be affirmed.

When an accused challenges the length and manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashy, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App.), perm. app. denied (Tenn. 1994). However, this Court must give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

The defendant, as the party challenging the sentence imposed by the trial court, has the burden of establishing that his sentence was erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; Ashy, 823 S.W.2d at 169; Butler, 900 S.W.2d at 311. In determining whether the defendant has shown that the sentence imposed by the trial court was erroneous, this Court considers: (a) any evidence received at the trial and/or sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; (f) any mitigating or enhancing factors; (g) any statements made by the accused in his own behalf; and (h) the accused's potential, or lack of potential, for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -201; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App.), perm. app. denied, (Tenn. 1987).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of both the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on

a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

Probation may be denied based solely on the circumstances surrounding the offense. State v. Hartley, 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991). However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of a excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. Hartley, 818 S.W.2d at 374-75.

In determining if incarceration is appropriate, a trial court considers (1) the need to protect society by restraining a defendant having a long history of criminal conduct; (2) the need to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses; and (4) whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also Ashy, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

At the sentencing hearing only the defendant and his father testified. The defendant was twenty years old at the time of the offense and twenty-seven at the time of the sentencing hearing. He has no prior juvenile or adult criminal record of arrests or convictions. He does not use drugs or alcohol. He resides with his parents and the family is willing to support any conditions of probation. He faithfully attends church and received a perfect attendance certificate for attendance in Sunday School. He is employed where he works approximately forty hours per week from 2:30 p.m. to 12:00 a.m. He admits that he was at fault in this offense. He states he is staying away from situations where he would be alone with children. He has investigated avenues of obtaining psychological help but is limited by his lack of financial resources. Nevertheless, he was evaluated by Dr. Hoffman, a specialist in the "special problems unit" at Dr. William Murphy's Clinic at the University of Tennessee. A treatment program has been created for the defendant. In addition, the defendant's father pledges his support for his son and is willing to assist his son in complying with any conditions of probation set by the court.

After hearing all the proof, the trial court sentenced the defendant and denied his request for full probation because of (a) the horrifying nature of the offense, (b) the need for punishment, and (c) the need for deterrence. However, the trial court granted the defendant an alternative sentence of serving 270 days in the workhouse on weekends ("day for day") from 7:00 p.m. on Fridays to 7:00 p.m. on Sundays and five years probation with a 10:00 p.m. curfew on weekdays.

After our de novo review of the record before us, we find that there is insufficient evidence to deny probation solely on the need for deterrence and need for punishment, as some aspect of these is present in every case. See, e.g., State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). In addition, we do not concur with the trial court's finding that this offense was necessarily "horrifying" as set out in State v. Hartley, 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991). We recognize the seriousness

of this case and all child sexual cases, but, do not, however, find that this case rises to such an exaggerated degree as to be "horrifying" under the <u>Hartley</u> test.

We do find, in our de novo review, that some incarceration is necessary to avoid depreciating the seriousness of this offense. The defendant was charged with aggravated sexual battery of a child under thirteen years of age and pled guilty to attempt to commit aggravated child sexual battery. We believe that the underlying facts giving rise to this crime are such that mandate some period of incarceration. Therefore, the need to avoid depreciating the seriousness of this offense supports the trial court's determination that some incarceration is necessary.

The trial court was correct in its denial of full probation. However, we conclude that under the facts of this case requiring the defendant to serve 270 days on weekend was erroneous. Such a sentence would require this defendant to be incarcerated every weekend for a period of two years and seven months. Therefore, we modify the term of periodic confinement to 104 days on the weekends. We further agree with the trial court's imposition of probation for a five year period and all other conditions set out by the trial court.

### Conclusion

Accordingly, we affirm the trial court's judgment in every respect except we modify the term of periodic confinement to 104 days on the weekends.

_____
JOHN EVERETT WILLIAMS, JUDGE