IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2002

## STATE OF TENNESSEE v. MELISSA ANN BREWER

**Direct Appeal from the Circuit Court for Coffee County**
**No. 31,480     John W. Rollins, Judge**

---

### No. M2002-01982-CCA-R3-CD - Filed March 13, 2003

---

The defendant appeals her sentence of three years imprisonment for the sale of less than .5 grams of cocaine, a Class C felony. The defendant argues she is a favorable candidate for alternative sentencing. The record supports the defendant's assertion that she is entitled to an alternative sentence. The defendant is sentenced to three years in split confinement, with thirty (30) days incarceration and the remainder on supervised probation. We remand this judgment to determine if the defendant continues to hold full-time employment. If the defendant is employed full-time, she is to serve her thirty (30) days in periodic confinement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Bethel Campbell Smoot, Jr., District Public Defender, and Rachel E. Willis, Assistant Public Defender, for the appellant, Melissa Ann Brewer.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Charles Michael Layne, District Attorney General; and Kenneth J. Shelton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Melissa Ann Brewer, pled guilty to selling a controlled substance. The trial court sentenced the defendant as a Range I mitigated offender to three years imprisonment in the Tennessee Department of Correction and imposed a two thousand dollar ($2000) fine. In this appeal, the defendant contends that she should have been granted some form of alternative sentencing.

On February 6, 1997, Officer Nick Watson of the Lavergne Police Department bought forty dollars ($ 40) worth of crack cocaine from the defendant as part of a sting operation in the Dossett Apartments area of Tullahoma, Tennessee. The trial court sentenced the defendant to three years imprisonment, citing the sentence was necessary for the defendant to avoid depreciating the seriousness of the offense. The trial court reasoned that confinement is "particularly suited to provide an effective deterrent to others prone to commit this type of offense."

## Analysis

Appellate review of sentencing is de novo with the presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). If the trial court followed the procedure, made findings of fact that are adequately supported in the record, and weighed and considered the factors and principles of sentencing, we may not disturb the sentence even if a different result had been preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The burden is now on the defendant to demonstrate the impropriety of her sentence.

In conducting a de novo review, this Court considers (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

Pursuant to Tennessee Code Annotated section 40-35-109, the trial court may find a defendant to be an especially mitigated offender if (1) the defendant has no prior felony convictions and (2) the court finds mitigating factors, but no enhancement factors. The question of whether a defendant should be sentenced as an especially mitigated offender rests within the sound discretion of the trial court. See State v. Turner, 30 S.W.3d 355, 362 (Tenn. Crim. App. 2000) (citing State v. Braden, 867 S.W.2d 750, 762 (Tenn. Crim. App. 1993)). Here, the trial court sentenced the defendant as a mitigated offender at 20% release eligibility date.

The presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. Ashby, 823 S.W.2d at 169. The trial court must place on the record its reasons for arriving at the final sentencing determination, identify each mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. Tenn. Code Ann. § 40-35-210(f) (1990), State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

A defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence

of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6); State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999). Tennessee Code Annotated section 40-35-103(1) sets forth "evidence to the contrary" which would rebut the presumption of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

See State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); Ashby, 823 S.W.2d at 170. The record reflects the trial court considered alternative sentencing, but found incarceration necessary to "avoid depreciating the seriousness of the offense" and to provide an "effective deterrent to others prone to commit this type of offense."

At the time of sentencing, the defendant was thirty-five years old, divorced, with custody of two minor children. She has an eighth grade education and had worked as a waitress prior to sentencing. The defendant had been convicted twice for theft under five hundred dollars ($500), a Class A misdemeanor, and was placed on probation. At the age of twenty-nine, the defendant pleaded guilty to two counts of theft under five hundred dollars ($500), a Class A misdemeanor, in 1996. It was revealed at the sentencing hearing that the defendant committed the instant offense while on probation and that she did not successfully complete her probation in General Sessions court. The defendant explained that at that time in her life she was in an abusive relationship, and she violated the terms of her probation because she had to leave state to obtain physical custody of her children. The defendant stated that she has not been in trouble since 1997 and is drug free.

The trial court found that the defendant was entitled to the presumption of alternative sentencing but that the presumption had been rebutted because alternative sentencing would depreciate the seriousness of the offense and because confinement is particularly suited to provide an effective deterrent to others likely to commit the offense. Generally, to deny alternative sentencing based on the seriousness of the offense, the offense, "as committed, must be 'especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring" an alternative sentence. State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991).

In the instant case, we are unable to glean from the record anything particularly horrifying or shocking relating to the present offenses. Furthermore, the record lacks any proof that the sentence imposed will have a deterrent effect within the jurisdiction. See Hooper, 29 S.W.3d 1 (Tenn. 2000). The principles of sentencing reflect that a sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). For these reasons, we conclude the defendant was entitled to an alternative sentence.

## Conclusion

Because the record does not support the denial of alternative sentencing, the defendant is sentenced to three years in split confinement, with thirty days to be served in jail and the remainder of her sentence on supervised probation. We remand this judgment to determine if the defendant is employed full-time. If the defendant has steady employment, the defendant is to serve her thirty (30) days in periodic confinement, as to not interfere with her ability to earn an income.

_____
JOHN EVERETT WILLIAMS, JUDGE