IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 10, 2003

## STATE OF TENNESSEE v. WILLIAM JAMES WHEELER

**Direct Appeal from the Circuit Court for White County**
**No. CR911     Leon Burns, Jr., Judge**

---

**No. M2002-02905-CCA-R3-CD - Filed March 16, 2004**

---

The Appellant, William James Wheeler, appeals the sentencing decision of the White County Circuit Court. Under the terms of the plea agreement, Wheeler pled guilty to reckless homicide, a class D felony, and arson, a class C felony, and received an agreed six-year sentence. Following a sentencing hearing, the trial court ordered that the six-year sentence be served in the Department of Correction. On appeal, Wheeler argues that he should have received a non-incarcerative sentence. After review, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

David Brady, Public Defender; Joe Finley and John B. Nisbet, III, Assistant Public Defenders, Cookeville, Tennessee, for the Appellant, William James Wheeler.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Helena Walton Yarbrough, Assistant Attorney General; William Edward Gibson, District Attorney General; and John A. Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On March 17, 2001, the victim, Arthur Bright, was renting quarters in a mobile home from the Appellant in White County. This home was also occupied by the Appellant and his wife. Bright, who was diagnosed as paranoid schizophrenic, had, only nine days prior, been released from a "boarding" home for mentally disabled persons.

At the sentencing hearing, the investigating officer testified:

On the 17th is from my understanding through our investigation that after a day of visiting with friends [the Appellant and his wife] returned to the trailer. Mr. Wheeler intentionally lit a telephone book as a joke and threw it into the living room and it caught some clothes on fire which caught a couch on fire which ensued the rest of the building.

The victim was in the mobile home at the time. After the phone book was ignited, the Appellant went to the bathroom and was there for approximately one minute. When he returned, the sofa was on fire and the Appellant attempted to put out the fire with a pot of water. Having no success, he left the mobile home, leaving his wife and the victim inside, and drove to his father's home to call 911.[1] Upon his return, the mobile home was engulfed in flames. The Appellant's wife escaped; however, the victim was unable to escape and was burned to death. A witness testified that screams could be heard coming from the residence.

Under the terms of the Appellant's guilty plea, he agreed to the imposition of a three-year sentence for the class D felony of reckless homicide and to a three-year sentence for the class C felony of arson, to be served consecutively. The proof at the sentencing hearing established that the Appellant was thirty-three years old and had dropped out of high school in the tenth grade. His employment history is, at best, sporadic, and his criminal history shows three prior misdemeanor convictions. Following the sentencing hearing, the trial court ordered that the six-year sentence be served in total confinement.

**Analysis**

On appeal, the Appellant raises the single issue of whether the trial court properly imposed a sentence of confinement. When an accused challenges the length, range, or manner of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169.

Because the Appellant was convicted of class C and D felonies, he is entitled to the presumption that he is a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6) (2003). Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption with evidence to the contrary. *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v.*

---

[1] These facts are contained in the pre-sentence report which shall be considered for sentencing purposes by the court. *See* Tenn. Code Ann. § 40-35-210(b) (2003). The Appellant did not testify at the sentencing hearing, and the transcript of the guilty plea hearing is not included in the record. Unless we are able to glean from the record the nature and circumstances of the offense, failure to include the guilty plea hearing may result in waiver of the sentencing issue on appeal. *See* Tenn. R. App. P. 24(b).

*Hooper*, 29 S.W.3d. 1, 9 (Tenn. 2000). "Conversely, the defendant has the burden of establishing [his] suitability for full probation, even if the defendant is entitled to the statutory presumption of alternative sentencing." *Id*.

In order to deny any form of alternative sentencing and impose a sentence of total confinement, the trial court should base its decision on the considerations listed in Tennessee Code Annotated section 40-35-103(1):

> (A) Confinement is necessary to protect society by restraining [an appellant] who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the [appellant].

Tenn. Code Ann. § 40-35-103(1)(A)-(C) (2003); *see also Hooper*, 29 S.W.3d at 5.

In this case, the trial court imposed a sentence of total confinement concluding that "the conduct itself seems to me to be of such a nature that it needs to be punished to the extent that this offense is not depreciated to the extent society would be offended by such conduct." The court characterized the Appellant's actions as "flagrant" and as a "stupid act" with serious consequences. Moreover, the trial court voiced dismay over the fact that the Appellant started a fire as a joke, watched the residence begin to burn, then abandoned two people inside, and drove away.

Generally, to deny probation or another alternative sentence based on the seriousness of the offense, "'the circumstances of the offense as committed must be 'especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring" an alternative sentence. *Bingham*, 910 S.W.2d at 454 (quoting *State v. Hartley*, 818 S.W.2d 370, 375 (Tenn. Crim. App. 1991)).

After *de novo* review, we agree with the trial court that confinement is necessary to avoid depreciating the seriousness of the offense, which resulted in the tragic loss of life to an innocent person. We find the Appellant's conduct to be "reprehensible" and "offensive." The Appellant was aware that the victim suffered from a serious mental illness. The proof established that the victim was vulnerable and, because of his illness, would be confused under the conditions confronting him. Ignoring this fact, the Appellant exposed the victim to danger and then abandoned him. In sum, we find the Appellant's conduct and the nature of the offenses outweigh all factors favoring an alternative non-incarcerative sentence.

## CONCLUSION

After review, we find that total confinement is necessary to avoid depreciating the seriousness of the offense. Accordingly, the judgments of the White County Circuit Court are affirmed.

_____
DAVID G. HAYES, JUDGE