IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Remanded by Supreme Court April 22, 2004

## STATE OF TENNESSEE v. MARIO C. ESTRADA

**Appeal from the Circuit Court for Maury County**
**No. 12131     Robert L. Jones, Judge**

_____

**No. M2004-01291-CCA-RM-CD - Filed June 29, 2004**

_____

This case presents an appeal to this court after remand by order of the Tennessee Supreme Court. The Appellant, Mario C. Estrada, appeals the imposition of a sentence of twelve years confinement in the Department of Correction. The sentence arose from a guilty plea entered by Estrada to one count of arson, eight counts of aggravated assault, and one count of possession of a prohibited weapon. In this appeal, Estrada raises the issue of whether the trial court erred by ordering a sentence of total confinement rather than a less restrictive alternative. After review, we find no error. Accordingly, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA McGEE OGLE, JJ., joined.

Claudia S. Jack, District Public Defender; Robin Farber, Assistant Public Defender, Columbia, Tennessee, for the Appellant, Mario C. Estrada.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; T. Michael Bottoms, District Attorney General; and Joseph L. Penrod, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION ON REMAND

### Procedural History

In the early morning hours of October 1, 2000, the eighteen-year-old Appellant and several co-defendants, possessing Molotov cocktails, went to the home of Patricia Hood in Columbia. The incendiary devices were thrown into the mobile home, which was occupied at the time by eight individuals including Hood, her three teenage daughters, their boyfriends, and her eighteen-month-

old granddaughter. The occupants were awakened by the fire and barely managed to escape. Their home was over seventy percent destroyed, resulting in them being forced to live in a motel for a month.

The Appellant was indicted for: (1) one count of aggravated arson; (2) eight counts of attempted first degree murder; and (3) one count of possession of a prohibited weapon. On December 10, 2001, the Appellant pled guilty to: (1) one count of arson, a class C felony; (2) eight counts of aggravated assault, class C felonies; and (3) one count of possession of a prohibited weapon, a Class E felony. Pursuant to the plea agreement, the Appellant received three-year sentences for each Class C felony conviction, and a one year sentence for possession of a prohibited weapon. As provided by the agreement, the arson conviction and three of the aggravated assault convictions were ordered to run consecutively, with all other sentences being concurrent. This resulted in a effective twelve-year sentence, with the manner of service of the sentences to be determined by the court. Following a sentence hearing on February 1, 2002, the trial court denied the Appellant's request for alternative sentencing and ordered that the twelve-year sentence be served in confinement.

The Appellant appealed the denial of alternative sentencing. A panel of this court vacated the convictions and remanded the case, holding that the guilty pleas were invalid as aggravated assault was not a lesser-included offense of attempted first degree murder as charged in the indictment. *State v. Mario C. Estrada*, No. M2002-00585-CCA-R3-CD (Tenn. Crim. App. at Nashville, Mar. 14, 2003). Our supreme court granted the State's application for discretionary appeal in the case. The supreme court reinstated the convictions and reversed and remanded the case to the Court of Criminal Appeals for consideration of the sentencing issue in light of their holding that the trial court in the case had subject matter jurisdiction to accept the guilty plea agreements as entered. *State v. Mario C. Estrada*, No. M2002-00585-SC-R11-CD (Tenn. 2004).

**Analysis**

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d at 169. "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the Appellant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of: (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any

mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); *Ashby*, 823 S.W.2d at 168.

A defendant convicted of a Class C, D, or E felony and sentenced as a mitigated or standard offender is presumed to be a favorable candidate "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Guidance regarding what constitutes "evidence to the contrary" to rebut the presumption can be found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Although the presumption of an alternative sentence was available to the Appellant, as he was convicted of only C and E felonies, the trial court denied any form of alternative sentencing finding: (1) that a sentence other than total confinement would depreciate the seriousness of the offenses based upon the fact that the Appellant's acts were equivalent to "terrorist activities" and (2) that the Appellant had a "horrible" criminal record.

In order to deny an alternative sentence based upon the seriousness of the offense, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and the nature of the offense must outweigh all factors favoring a sentence other than confinement. *State v. Bingham*, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995) (quoting *State v. Hartley*, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991). We agree with the trial court that in this case the circumstances of the offense meet the *Bingham* standard. The Appellant's acts were truly reprehensible, violent, and shocking. He hurled a Molotov cocktail through the window of a mobile home occupied by eight sleeping people in the middle of the night. The Appellant had no regard whatsoever for the lives of Mrs. Hood, her granddaughter, or the six teenagers, one of whom was pregnant. Luckily, disaster was averted, but the victims suffered great emotional stress and property loss because of the Appellant's actions.

The court also rejected alternative sentencing based upon the Appellant's prior criminal history. It is true that his adult history consisted of only two convictions for underage drinking, two convictions for public intoxication, and one conviction for vandalism. However, the trial court noted the Appellant's prior juvenile record. The Appellant has a lengthy history of juvenile adjudications

which includes an act of violence with a weapon. Moreover, we note that the Appellant has previously been placed on probation and was subsequently revoked. Based upon these factors, we agree that his sentence would best be served in confinement.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not err in denying the Appellant an alternative sentence. Accordingly, we affirm the judgment of the trial court.

_____
DAVID G. HAYES, JUDGE