IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## STATE OF TENNESSEE v. CHRIS EDWARD PORTER

**Appeal from the Circuit Court for Marshall County**
**No. 15683     Charles Lee, Judge**

---

**No. M2004-00444-CCA-R3-CD - Filed June 9, 2005**

---

The Appellant, Chris Edward Porter, appeals the sentencing decision of the Marshall County Circuit Court which resulted in the imposition of an effective ten-year sentence of incarceration. On appeal, Porter challenges the trial court's denial of alternative sentencing. After review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Gregory D. Smith, Clarksville, Tennessee; and Andrew Jackson Dearing, Shelbyville, Tennessee, for the Appellant, Chris Edward Porter.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; W. Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In July 2003, a Marshall County grand jury returned an indictment against the Appellant charging him with fourteen counts of statutory rape, a class E felony. The indictments resulted from offenses which occurred between April 2002 and May 2003.

In February of 2002, the Appellant moved to Petersburg, Tennessee, from Springfield, Massachusetts, to live with his father and his grandfather. Soon thereafter he became acquainted

with the victim, M.B., his first cousin, who lived across the street with their grandmother.[1]  At this time the victim was fifteen years old, and the Appellant was twenty years old.  At trial, the victim testified that she began having consensual sexual relations with the Appellant in April of 2002.  Their sexual relationship continued, except in months when the Appellant was away from Petersburg, until May 7, 2003, when their grandmother learned of the sexual affair.  The victim's mother subsequently took her to the Marshall County Sheriff's Department, and the victim acknowledged having sex with the Appellant approximately twelve times.  In a statement dated May 13, 2003, the Appellant admitted to having sex with the victim ten to fifteen times and to knowing that he was five years older than the victim.  He also admitted that his last two sexual encounters with the victim occurred on April 5, 2003, and May 7, 2003.  On November 25, 2003, at the conclusion of proof, the jury found the Appellant guilty of nine counts of statutory rape.  The trial court sentenced the Appellant, as a Range I offender, to the maximum sentence of two years for each count of statutory rape, ordering the following convictions to run concurrently: April and May of 2002; July and August of 2002; and September, October, and November of 2002.  The trial court ordered these groupings be served consecutively to one another and to separate convictions for April 5, 2003, and May 7, 2003, for an effective ten-year sentence in the Department of Correction.[2]  The Appellant appeals this ruling, arguing that the trial court erred "in not considering [him] for alternative sentencing" and urges this court to remand the case with "instructions to place [him] on probation."

**Analysis**

When an accused challenges the length, range, or manner of the service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct.  Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).  The court must consider the evidence received at the trial and sentencing hearing, the presentence report, the principles of sentencing, arguments of counsel, the nature and characteristics of the offense, mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation.  *Ashby*, 823 S.W.2d at 168; *see also* Tenn. Code Ann. § 40-35-210 (2003).  The burden of showing that the sentence is improper is upon the appealing party.  Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

---

[1]In order to protect the identify of minor victims of sexual abuse, it is the policy of this court to refer to the victims by their initials.  *State v. Schimpf*, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989).

[2]The Appellant, proceeding *pro se*, has filed a supplemental brief challenging the imposition of his consecutive sentences.  The Appellant's principal contention is "that no Range I offender could fall into the category for consecutive sentencing."  The trial court imposed consecutive sentences based upon (1) extensive criminal history and (2) that some of the offenses were committed while the Appellant was on probation.  *See* Tenn. Code Ann. § 40-35-115(b)(2), (6) (2003).  It has long been the rule that an Appellant may not be represented by counsel and simultaneously proceed *pro se*.  *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976).  The Appellant's *pro se* motion to supplement his argument is, therefore, denied.

A defendant convicted of a class C, D, or E felony and sentenced as an especially mitigated or standard offender is "presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003). Although a defendant may be presumed a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-303(b) (2003); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; *State v. Hartley*, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Greer*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Boyd*, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). A trial court must acknowledge one of the following considerations before imposing a sentence of total confinement:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1) (2003).

In this case the Appellant argues that the trial court "did not make any findings regarding [his] presumption in favor of alternative sentencing." We note that as a Range I standard offender convicted of class E felonies, the Appellant receives an initial presumption in favor of alternative sentencing. Our review of the record reveals that the trial court recognized that the Appellant had an extended criminal history and had previously violated programs of probation. The trial court also observed that four of the offenses in this case were committed while the Appellant was on probation. From these pronouncements, we discern that the trial court concluded that the Appellant had a long history of criminal conduct and that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the Appellant. *See* Tenn. Code Ann. § 40-35-103(1)(A), (C).

Our *de novo* review reveals that at the time of sentencing, the appellant was twenty-two years old and the father of one child. He dropped out of school in the tenth grade and has made no effort to obtain a G.E.D. The presentence report reflects only two periods of employment during the Appellant's adulthood. He was employed in "floor stripping" for a short time and worked for "Tysons" for a little over four months before his arrest for a probation violation.

The Appellant's presentence report shows an uninterrupted pattern of criminal activity beginning at age eighteen in Springfield, Massachusetts, and continuing to the present. His criminal record includes five prior convictions in Tennessee, including multiple convictions for evading

arrest, public intoxication, resisting stop and frisk, and forgery. He was also convicted of larceny over $250, possession of a class D drug, and distribution of a class B drug while living in Massachusetts. Additionally, the record reflects that the Appellant has been granted probation on seven prior occasions with probation revocations occurring during four of these probationary sentences. Also, as found by the trial court, a number of the instant convictions were committed while the Appellant was on probation. As such, we conclude that the trial court did not err in denying the Appellant the alternative sentencing option of probation.

## CONCLUSION

Based upon the foregoing, we affirm the Marshall County Circuit Court's imposition of an effective ten-year sentence.

_____
DAVID G. HAYES, JUDGE