IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2006

## STATE OF TENNESSEE v. DANIEL EUGENE BRADFORD

**Appeal from the Circuit Court for Hardin County**
**No. 8513     C. Creed McGinley, Judge**

---

**No. W2006-01166-CCA-R3-CD  - Filed February 28, 2007**

---

The Appellant, Daniel Eugene Bradford, appeals the sentencing decision of the Hardin County Circuit Court.  Under the terms of a plea agreement, Bradford pled guilty to aggravated assault and misdemeanor assault, receiving concurrent sentences of three years for the felony conviction and eleven months and twenty-nine days for the misdemeanor conviction.  The manner and service of the sentences were to be determined by the trial court.  On appeal, Bradford challenges the trial court's denial of probation. After review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Richard W. Deberry, Assistant District Public Defender, Camden, Tennessee, for the Appellant, Daniel Eugene Bradford.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

Following an investigation by the Hardin County Sheriff's Department, the Appellant was charged with the crimes of aggravated assault and misdemeanor assault.  The aggravated assault charge originated from a complaint by the Appellant's girlfriend, Donna Butler, that on June 19, 2005, the Appellant choked her, threatened her with a knife, and cut her leg.  Butler's account of the events was corroborated by evidence of a physical injury and the statements of three witnesses.  The misdemeanor assault charge stemmed from a complaint by Butler's brother, Michael McCarthy, occurring on the same day, that the Appellant struck McCarthy and severely bruised his eyes.  This

situation arose after McCarthy confronted the Appellant about the Appellant's mistreatment of his sister, Ms. Butler.

A Hardin County grand jury indicted the Appellant for Class C felony aggravated assault, by the use of a deadly weapon, and misdemeanor assault causing bodily injury. At the guilty plea hearing, on February 15, 2006, the Appellant pled guilty, under the terms of the plea agreement, to the indicted offenses of aggravated assault and simple assault. The plea agreement provided that the Appellant would be sentenced as a Range I, standard offender, to three years for the aggravated assault, and to eleven months and twenty-nine days for the simple assault. The plea agreement further provided that both sentences would run concurrently, and the manner of service of the sentences and place of confinement would be determined by the trial court.

Following a sentencing hearing, the trial court denied the Appellant's request for probation. This appeal follows.

**Analysis**

When an accused challenges the length, range, or manner of the service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The court must consider the evidence received at the trial and sentencing hearing, the pre-sentence report, the principles of sentencing, arguments of counsel, the nature and characteristics of the offense, mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. *Ashby*, 823 S.W.2d at 168; *see also* T.C.A. § 40-35-210 (2006). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d), Sentencing Comm'n Comments.

A defendant convicted of a Class C, D, or, E felony and sentenced as an especially mitigated or standard offender is "presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2006). "A court shall consider, but is not bound by, this advisory sentencing guideline." *Id.* The Appellant pled guilty to a Class C felony, as a standard offender, thus, he is entitled to the presumption in favor of alternative sentencing. Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." T.C.A. § 40-35-303(b) (2006), Sentencing Comm'n Comments; *State v. Harltey*, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Greer*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Boyd*, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). A trial court must acknowledge the existence of one of the following considerations before imposing a sentence of total confinement:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1)(A) - (C) (2006).

The Appellant did not testify at the sentencing hearing, and the only facts submitted to the trial court by the Appellant or the State were those contained within the pre-sentence report. The Appellant's criminal history reflects the following convictions: (1) in 1997, in New Mexico, he was convicted of three counts of battery and received a sentence of one to four years; (2) in 1998, in Nevada, he was convicted of battery and received a misdemeanor sentence; (3) in 1999, in Nevada, he was convicted of coercion and sentenced to twenty-eight to seventy-two months in prison; (4) in 2005, in California, he was convicted of domestic violence and was placed on three-years probation.

The Appellant is thirty-seven years old and has lived most of his life in California. He is divorced and has two daughters, one is living in Utah and one in Montana. He is a high school graduate and attended college for one year. The Appellant has over sixteen years experience in electrical and construction work. His employment record reflects that, after he had served his prison sentence for the 1999 coercion conviction, he worked for three different construction companies for about five months at each company. His employment with the last company ended at the time he was arrested for domestic assault in California in May, 2005. The Appellant moved to Hardin County, Tennessee, in June, 2005, and, later that month, he committed the offenses which are the subjects of this appeal. When he was arrested on the instant charges, he had been employed for several days at Clayton Homes of Savannah.

In ordering the sentences to be served in incarceration, the trial court found as follows:

[The Appellant] pled guilty to aggravated assault, Count One, received a three-year sentence. Count Two was eleven months and twenty-nine days. Both of those are assaultive-type convictions.

He's got a history of prior violence. Now that I mention domestic violence, which is very similar to the Count One we're dealing with here, the coercion, which is very similar to the situation here, and the 1993, there's no disposition on that, but he's got a history of prior violent acts, particularly domestic acts.

He is presumptively eligible for alternative sentencing unless the Court finds that the evidence weighs against that, which in this case the Court finds clearly it does.

A history of prior felony convictions, particularly similar to this, shows a lack of amenability to rehabilitation. The Court finds he is not suitable.

He'll be remanded to DOC for service of sentence.

We conclude that the trial court properly denied the Appellant's request for probation. The record supports the trial court's finding that "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct." *See* T.C.A. § 40-35-103(1)(A). Moreover, the record reflects that the Appellant was placed on probation in California shortly before he committed the current offenses. Accordingly, "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." *See Id*. at (C).

## CONCLUSION

Based upon the foregoing, we affirm the Hardin County Circuit Court's imposition of an effective three-year sentence of incarceration.

_____
DAVID G. HAYES, JUDGE