IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 4, 2024

**STATE OF TENNESSEE v. HOLLIE WHIPPLE**

**Appeal from the Circuit Court for Fayette County**
**No. 23-CR-42      J. Weber McCraw, Judge**
_____

**No. W2023-01383-CCA-R3-CD**
_____

Defendant, Hollie Whipple, pled guilty to especially aggravated burglary, aggravated assault by use of a deadly weapon, and aggravated assault in connection with her perpetration of a home invasion in Fayette County. After a sentencing hearing, the trial court imposed an effective sentence of ten years' incarceration at 100% service rate. She argues on appeal that her sentence is excessive and the trial court erred in denying probation. After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and TOM GREENHOLTZ, J., joined.

Bo Burk, District Public Defender; and Kari Weber (on appeal, at sentencing, and at plea submission hearing) and Terry Dycus (at sentencing), Assistant District Public Defenders, for the appellant, Hollie Whipple.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Mark Davidson, District Attorney General; and Falen Chandler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural History*

On December 19, 2022, Defendant paid someone named Broodie $20 to drive her from Byhalia, Mississippi to Annette Cutlift's, the victim's, home in Fayette County. Defendant was dressed "all in black" and stood on the victim's back porch. When the

victim saw Defendant on the porch, she "knew immediately what was on [Defendant's] mind" and was concerned about Defendant's presence at her home. The victim began to call 911 and turned around when Defendant hit her from behind with a "pick-like instrument" Defendant had in her hand. The victim's grandson, who was at the house, subdued Defendant until law enforcement arrived. The victim suffered a black eye, a concussion, bruising on her arms and legs, and puncture wounds from the "pick-like instrument" Defendant "was stabbing with[.]" Defendant also pulled out some patches of the victim's hair. Emergency medical personnel checked the victim, but the victim decided based on her training and experience as a registered nurse that a hospital visit was unnecessary.

When law enforcement officers arrested Defendant, she told them she was there to steal from the victim's home. The deputy advised Defendant not to speak any more. However, once at the jail, Defendant waived her *Miranda* rights and spoke with law enforcement. Defendant told the officers that she had planned to rob the Cutlifts and that she had paid someone named Broodie $20 to drive her to the victim's home from Byhalia, Mississippi.

The Fayette County Grand Jury indicted Defendant for one count of especially aggravated burglary with intent to commit assault ("Count 1"), one count of especially aggravated burglary with intent to commit a theft ("Count 2"), one count of aggravated assault by use of a deadly weapon ("Count 3"), and one count of aggravated assault with serious bodily injury ("Count 4").

Defendant entered an open guilty plea pursuant to a plea agreement to Counts 1, 3, and 4. The State dismissed Count 2 per the agreement. The trial court accepted Defendant's guilty plea after a colloquy with Defendant. The trial court explained the possible sentencing exposure to Defendant and that it could grant or deny probation, all of which Defendant acknowledged.

The presentence report, a victim impact statement, and photographs of the victim's injuries were admitted as exhibits at the sentencing hearing. The victim testified that she first met Defendant when Defendant was eight years old, when Defendant's brothers came to work "through the justice system" on the victim's and her husband's farm. The victim recounted the facts of the incident to the trial court. The victim told the trial court that she still suffered "emotionally and psychologically" and that her "sense of security" was greatly compromised from the incident.

The victim read a letter she had prepared, in which she explained that she was about to turn 73 years old. The victim felt that had her grandson not been there, Defendant would have killed her. The victim and her husband had previously not been concerned about

locking their doors because they lived in a rural area but had since increased their security measures, including installing several security cameras at their home. The victim explained that she and her husband had worked hard for everything they had, "[s]o when [Defendant] looks at [them] and sees money, it was hard earned over a long period of time." The victim told the trial court that she favored a maximum-length sentence of imprisonment for Defendant.

Defendant made an allocution in which she apologized to the victim and expressed her interest in obtaining her GED. Defendant said she "was in and out of foster care all the way to seventeen [years old] and then [she] was kicked out of [her] family just so [she could] have [her] sister back home so it was a lot all at once." Defendant asked the victim for forgiveness.

After considering the proof, counsel's arguments, and the relevant statutory factors, the trial court sentenced Defendant to ten years' incarceration for Count 1, six years for Count 3, and four years for Count 4, all to run concurrently, for an effective sentence of ten years' incarceration at 100% service rate. *See* T.C.A. § 40-35-501(bb)(2)(H). The trial court denied probation based primarily on its belief that granting probation here would unduly depreciate the seriousness of the offense.

Defendant appeals.

*Analysis*

Defendant first asserts that the trial court improperly sentenced her "above the minimum in her range[.]" The State argues that Defendant has waived the issue by asserting an incorrect standard of review on appeal,[1] and alternatively, the trial court properly exercised its discretion in determining the length of Defendant's sentences.

"[S]entences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). Stated differently, this Court is "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out" in the Sentencing Act. *State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). "'A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling

---

[1] We disagree with the State that this issue is waived. To be sure, Defendant does not recite the abuse of discretion standard of review applicable here. We are satisfied, however, that Defendant's insistence that the trial court improperly sentenced her, and her argument stating the reasons for her assertion, sufficiently raise the issue for our review. *See* Tenn. R. App. P.27(a)(7)(A); Tenn. Ct. Crim. App. R. 10(b).

on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party.'" *State v. Gevedon*, 671 S.W.3d 537, 543 (Tenn. 2023) (quoting *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010)). The party challenging a sentence bears the burden of demonstrating its impropriety. T.C.A. § 40-35-401, Sentencing Comm'n Cmts.; *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

As to enhancement factors, we note that a trial court's misapplication of an enhancement or mitigating factor does not invalidate the presumption of reasonableness, so long as the trial court articulates reasons consistent with the purposes and principles of sentencing. *Bise*, 380 S.W.3d at 705-06.

Defendant pled guilty as a Range I offender in Count 1 to especially aggravated robbery, a Class B felony, with a sentencing range of 8-12 years; in Count 3 to aggravated assault with a deadly weapon, a Class C felony, with a sentencing range of 3-6 years; and in Count 4 to aggravated assault with serious bodily injury, a Class C felony, with a sentencing range of 3-6 years. *See* T.C.A. § 40-35-112(a). The trial court sentenced Defendant to ten years, six years, and four years, respectively. Defendant's sentences were within-range, which entitles the trial court's decision to a presumption of reasonableness. *See Bise*, 380 S.W.3d at 708. We therefore will not disturb the trial court's decision unless it abused its discretion. *Id.*

Defendant complains that the trial court erred in applying enhancement factor (6), that the victim's injuries were particularly great, *see* T.C.A. § 40-35-114(6); and in not applying mitigating factor (6), that the defendant "lacked substantial judgment in committing the offense," *id.* § 40-35-113(6), because she was 18 years old at the time of the offense. For these reasons, Defendant argues, the trial court should not have given her a mid-range sentence and should have sentenced her at the minimum of the range. Defendant is correct that the trial court erred in applying enhancement factor (6) to Count 1 and Count 4 because serious bodily injury is an element of those offenses. *Id.* § 40-35-114 ("If appropriate for the offense and if not already an essential element of the offense, the court shall consider, but is not bound by, the following advisory factors in determining whether to enhance a defendant's sentence[.] . . ."). However, the trial court properly applied enhancement factor (6) to Count 3. As noted above, misapplication of an enhancement factor is not a basis for reversal. *See Bise*, 380 S.W.3d at 705-06. The trial court otherwise considered the necessary factors under Tennessee Code Annotated section 40-35-210(b) in making its decision. Moreover, that the trial court did not afford mitigating factor (6) as much weight as Defendant would have preferred is no basis for reversal. The trial court did not abuse its discretion in determining the length of Defendant's sentence. Defendant is not entitled to relief on this issue.

Defendant also argues that the trial court erred in denying probation. The State argues that this issue is waived for Defendant's failure to make a sufficient argument,[2] and alternatively, that the trial court properly denied alternative sentencing.

The abuse of discretion standard with a presumption of reasonableness also applies to trial courts' decisions regarding probation or other alternative sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (citing *Bise*, 380 S.W.3d at 708). In deciding whether probation is suitable, the trial court should consider: "(1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) special and general deterrence value." *State v. Trent*, 533 S.W.3d 282, 291 (Tenn. 2017) (citing *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998)). "[T]he burden of establishing suitability for probation rests with the defendant." T.C.A. § 40-35-303(b).

Tennessee Code Annotated section 40-35-103 states that trial courts should look to the following considerations in deciding whether a sentence of confinement is appropriate:

> (A) Confinement is necessary to protect society by restraining an individual who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1). Where the trial court denies probation solely to avoid depreciating the seriousness of the offense, the circumstances of the offense "'must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other than probation." *State v. Robinson*, No. E2023-00391-CCA-R3-CD, 2024 WL 837945, at *5 (Tenn. Crim. App. Feb. 28, 2024) (quoting *State v. Hartley*, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)), *no perm. app. filed*.

The trial court stated here that this case was "a tragedy. It's a home invasion type crime where someone comes in your home and threatens your life and harms you and that shouldn't happen." Though the trial court acknowledged that Defendant had no criminal history and had never before been on probation, it focused on its finding that "the victim

---

[2] Again, we disagree that this argument is waived. Defendant's argument on this point is sufficient for us to resolve this issue. *See* Tenn. R. App. P. 27(a)(7)(A); Tenn. R. Ct. Crim. App. 10(b).

was attacked in her home, brutally beaten, so just on the nature of that, then to just say[,] [']okay, you get probation and you can get your GED,['] I think does not reflect the seriousness of the offense." The court found that the victim lived in fear in her own home because of Defendant's attack and that the victim was afraid of future criminal conduct by Defendant. Based on the circumstances of the offense, the trial court found that probation was inappropriate and that incarceration was appropriate to avoid depreciating the seriousness of the offense. These findings are sufficient to support the trial court's decision to deny probation. The trial court otherwise weighed the appropriate factors as outlined above. The trial court did not abuse its discretion in denying probation. Defendant is not entitled to relief on this issue.

## CONCLUSION

The trial court did not abuse its discretion in determining the length of Defendant's sentence or in denying probation. The judgments of the trial court are accordingly affirmed.

_____
TIMOTHY L. EASTER, JUDGE